## HAWKINS v. BORLAND.

Where plaintiff avers defendant is indebted to him for cattle sold and delivered, and the answer denies the averment, defendant may show anything disproving the contract as averred; as, that another party, who in fact sold the cattle, sold them as his own and not as agent of plaintiff, or, that defendant was not to pay until the cattle were fattened and slaughtered.

Such proof is not new matter; nor does *Piercy* v. *Sabin*, (10 Cal. 30,) so hold.

APPEAL from the Fifth District.

The complaint was not verified, and consisted of an allegation that defendant was indebted to plaintiff in the sum of eight hundred and ninety dollars for twenty head of beef cattle "sold and delivered to said Borland, at his special instance and request," with the usual averment of a promise to pay said sum, and "as much as said property was reasonably worth," alleging it to be worth eight hundred and ninety dollars.

The answer denies generally the allegations of the complaint; and, also, specially denies that defendant ever purchased any beef cattle of plaintiff of any kind whatever, " or that he ever entered

into any contract with plaintiff as charged in the complaint, or otherwise;" denies that he promised to pay as averred, or "that he ever contracted with, or promised to pay, any one on behalf of plaintiff any sum whatever."

On the trial, plaintiff asked one of her witnesses if he knew "who was the reputed owner of the cattle sold to defendant in the neighborhood where the cattle were bought, and were in the habit of running, grazing, and feeding?" Defendant objected, objection overruled, and exceptions taken. Upon the witness answering in the affirmative, he was asked, "Who was the reputed owner of the cattle so sold?" and answered, "Mrs. Hawkins, this plaintiff." Same objections and exceptions.

The evidence showed that defendant bought the cattle of Jesse Hawkins, son of the plaintiff, an old lady who lived with her sons on a ranch belonging to Jesse and his brother. The sale was verbal, and the cattle were on this ranch when delivered to defendant. There was, also, evidence showing that defendant frequently said he bought the cattle of the "Hawkins' boys," and was ready to pay when he could get Jesse's receipt. Jesse was absent.

Plaintiff had judgment, defendant appeals.

*Sanderson & Newell,* for Appellants.

*John Hume,* for Respondent, cited; *Piercy* v. *Sabin,* (10 Cal. 30.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The pleadings in this case are a general count for money due by defendant to plaintiff for twenty head of beef cattle sold and delivered, and issue joined by a denial of all the averments of the complaint. The property, it appears, was sold by one Jesse Hawkins, and the question became material and was mooted on the trial, whether these cattle were the property of Jesse or of the plaintiff. To avoid a continuance, the plaintiff admitted that absent witnesses would testify to certain facts disclosed in the affidavit made to procure the continuance; and, on the trial, the defendant asked of a witness, what were the terms of the contract made by defendant with Jesse Hawkins—it being ad-

mitted that the contract was made with him—whether as for his own property or as agent, was a disputed point.   The defendant in this connection offered to show that the contract was that he was to pay eight hundred and ninety dollars for the cattle, to be paid after they were fattened and slaughtered.   We do not see in the record any proof going to show what period of time would reasonably be required for this process.   This proof was objected to on the ground that the answer did not set up this contract. Nor was it necessary, for the plaintiff was bound to make out his contract substantially as he stated it.   The defendant denied the contract as the plaintiff stated it.   It was not new matter to prove his denial in this way.   It was only proving the issue on his part.   We do not understand the case of *Piercy* v. *Sabin*, (10 Cal. 30,) as asserting the doctrine contended for by the Respondent.   We gave the true rule in the case of *Bridges* v. *Paige*, (13 Cal. 640,) and refer to that case as decisive of this.   The rejection of a portion of the testimony as given in the affidavit for continuance, embodies the same error as that just noticed.

2. We are inclined to think that the Court erred in admitting evidence of reputed ownership of this property in plaintiff; for though such evidence might, in some aspect of the cause, be legitimate, we do not see that in relation to the facts of this case it was proper.

The errors already noticed are sufficient to reverse the judgment.

Judgment reversed, and cause remanded for a new trial.

See *Terry* v. *Sickles*, 13 Cal. 427, and *Angulo* v. *Sunol*, *ante*.