Coles *v.* Soulsby.

## COLES *v.* SOULSBY.

ACCORD and satisfaction, as a defense to an action for the recovery of money, must be specially pleaded.

A denial, whether general or special, only puts in issue the allegations of the complaint. The difference between a general and special denial in this respect is only in the extent to which the allegations are traversed.

New matter must be specially pleaded; and whatever admits that a cause of action, as stated in the complaint, once existed, but at the same time avoids it—that is, shows that it has ceased to exist—is new matter.

*Piercy* v. *Sabin* (10 Cal. 22) and *Glazer* v. *Cliff,* (Id. 303) as to the necessity of pleading new matter in defense, affirmed, and held to have overruled the doctrine of *Gavin* v. *Annan* (2 Cal. 494) and *McLarren* v. *Spalding* (Id. 510).

The provision of the "Act defining the Rights of Husband and Wife," that a married woman cannot make any sale or other alienation of her separate property, except by an instrument in writing, has reference to property other than money. It does not contemplate that every time a married woman pays her money for articles purchased she must execute an instrument in writing in order to make a valid transfer of the money.

The consideration clause of a deed is not conclusive. It estops the grantor from alleging that he executed the deed without consideration. It cannot be contradicted so as to defeat the operation of the conveyance according to the purposes therein designated, unless it be upon the ground of fraud; but with this exception it is open to explanation, and may be varied by parol proof.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion.

*H. P. Barber,* for Appellant.

I. The evidence of defendant went to prove an accord and satisfaction. No such defense is set up by the answer.

The proposed defense consisted of new matter, admitting that plaintiff once had a good cause of action, but that it had been dis-

Coles *v.* Soulsby.

charged by matter subsequent.   (*Piercy* v. *Sabin,* 10 Cal. 22 ; *Glazer* v. *Cliff*, Id. 303.)

II.   The evidence was improper as tending to show an alienation or surrender by a *femme covert* of $8,000 of her separate property by parol.   The statute declares that "no sale or other alienation of any part of such property can be made nor any lien or incumbrance created thereon, unless by an instrument in writing, signed by the husband and wife, and acknowledged by her upon an examination separate and apart from her husband."   (Act defining the Rights of Husband & Wife of April, 17th, 1850, sec. 6.) Her verbal admissions could no more show a transfer of this property than if having a valid title in fee simple by deed to real estate she had verbally declared it was not hers.   The surrender of this property could only be made in the mode provided by statute.   A verbal transfer, or admission of transfer, amounted to nothing.   When plaintiff had proved she was entitled to this money from defendant, she, being a *femme covert* and this her separate property, the only mode of destroying that right was the one provided by the act.   (*Selover* v. *American River Co.*, 7 Cal. 266 ; *Luning* v. *Brady,* 10 Id. 265.)

The law is a judicious one ; for while abrogating the common law rule that the entire property belonged to the husband after marriage, it prevents (by requiring the signature of both to the deed) the wife from injudiciously transferring the title to her separate personal property without the knowledge of her husband, and at the same time prevents the husband, having it in possession, from legally disposing of it without the knowledge or consent of the wife.

III.   The evidence was improper, as tending to vary and contradict the recitals of the deed.   It was introduced to show that instead of "natural love and affection and the consideration of one dollar " the real consideration was the giving up by a *femme covert* of the amount of $8,000, besides interest.   Her parol admissions that she considered the deed a settlement were in fact nothing more than her conclusions of law upon its effect.   (9 Cushing, 592, where a similar case arose and the evidence was rejected.)

Take the converse of the proposition, could the plaintiff have shown by parol that the consideration specified by defendant in the deed did not mean an interest in a quartz lead, but $50,000 ?

Coles *v.* Soulsby.

*L. Quint,* for Respondent.

I.   The answer is a general denial, and has the same influence and effect as the general issue at common law ; and accord and satisfaction may be given in evidence under it. ( *Gavin* v. *Annan,* 2 Cal. 492 ; *McLarren* v. *Spalding,* Id. 510 ; Gould's Plead. 336, ch. VI, sec. 59 ; Steph. Plead. 83, 104.)

II.   The statute prohibiting the wife from alienating her separate property, except by instrument in writing, was not intended to apply to a payment by her of money or to a release of a simple money demand.

III.   It is always permissible to show the actual consideration of a deed.   (*Bennett* v. *Solomon,* 6 Cal. 134 ; *Story* v. *Green,* 12 Id. 162 ; *Bullard* v. *Briggs,* 7 Pick. 533 ; *Johns* v. *Church,* 12 Johns. 557.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This is an action to recover of the defendant the sum of $7,890, being the amount of certain proceeds received by him from an interest in a quartz vein belonging to the plaintiff.   The interest constituted the separate property of the plaintiff, who is a married woman, and the proceeds were received by the defendant previous to her marriage.   The complaint is special and verified, and it is admitted that on the trial the plaintiff proved her case as it is there stated.   The answer, with the exception of an averment as to an offset of three hundred dollars, amounts only to a denial of the allegations of the complaint.   The defense upon which the defendant relied on the trial was an accord and satisfaction.   To establish this, he first introduced in evidence three deeds, executed subsequently to the marriage of the plaintiff.   The first deed was a quitclaim from the defendant to the plaintiff of the interest in the quartz vein, from which the proceeds claimed in the action were received, and of a lot of ground in the city of Sonora.   It was dated on the thirteenth of January, 1860.   The second deed bore the same date, and was from the plaintiff and her husband to the defendant, conveying the same property to him in trust during his life, to pay over

the rents, issues, and profits to her; upon his death the property to revert to her; but if she died before him, leaving no heirs, then the property to vest in him.   The third deed was dated August 23d, 1860, and was from the defendant to the plaintiff and her husband, stating that in consideration of natural love and affection, and for the sum of one dollar, he conveyed to them all his interest in the property, and surrendered all trusts and powers set forth in the second deed above mentioned.   The defendant then introduced, against the objection of the plaintiff, evidence showing that the third deed was given and received in full settlement of all matters of difference between the parties, and proved admissions of the plaintiff to the same purport, made since its execution.   Upon this evidence the verdict and judgment passed for the defendant; and the question presented by appeal is, whether the evidence was admissible.   The objections urged to its admissibility rest substantially upon three grounds: 1st, that the defense of accord and satisfaction was not pleaded; 2d, that it tended to show an alienation and surrender of a demand of a married woman by parol; and 3d, that it tended to contradict and vary the recitals of the deed as to its consideration.

The first ground is well taken.   The doctrine of the cases of *Gavin* v. *Annan* (2 Cal. 494) and *McLarren* v. *Spalding* (Id. 510) were overruled by *Piercy* v. *Sabin* (10 Id. 22) and *Glazer* v. *Cliff* (Id. 303).   In our practice, a denial, whether general or special, only puts in issue the allegations of the complaint.   The difference between a general and special denial in this respect is only in the extent to which the allegations are traversed.   New matter must be specially pleaded; and whatever admits that a cause of action, as stated in the complaint, once existed, but at the same time avoids it—that is, shows that it has ceased to exist—is new matter.   It is that matter which the defendant must affirmatively establish.   Such are release, and accord and satisfaction. Defenses of this character must be distinctly set up in the answer, or evidence to establish them will be inadmissible.   This view disposes of the appeal and necessitates a reversal of the judgment; but as by an amendment to the answer the defense of an accord and satisfaction may be set up on a second trial, it becomes important to pass upon the other questions raised.

The statute, it is true, provides that a married woman cannot make any sale or other alienation of her separate property, except by an instrument in writing.    (Act defining the Rights of Husband & Wife, sec. 6.)    But in this provision the statute has reference to property other than money.    It does not contemplate that every time a married woman pays her money for articles purchased she must execute an instrument in writing in order to make a valid transfer of the money.    In the present case, the money was in the hands of the defendant, and the plaintiff could as well consent by parol to its retention by him as she could have paid it to him without writing if it had been at the time in her possession.

It is not a valid objection to the admissibility of the evidence, that it showed a consideration different from that expressed in the deed.    The consideration clause of a deed is not conclusive.    It estops the grantor from alleging that he executed the deed without consideration.    It cannot be contradicted so as to defeat the operation of the conveyance according to the purposes therein designated, unless it be on the ground of fraud, but with this exception it is open to explanation and may be varied by parol proof.    A limitation, it is true, is placed by some adjudicated cases upon the character of the proof admitted; that it must be restricted to establishing a consideration of the same species with that expressed. (*Garret* v. *Stewart*, 1 McCord, 514.)    The limitation, however, does not appear to rest upon any sound principle.    (See *Bennett* v. *Solomon,* 6 Cal. 135; *McCrea* v. *Purmort*, 16 Wend. 460; *Bullard* v. *Briggs*, 7 Pick. 537.)

Judgment reversed and cause remanded.