Levinson v. Schwartz.

the property to Clark, and as against Clark, and all claiming under him, he is estopped by his deed from asserting any title.   Clark, by his will, conveyed all his property, both real and personal, to Carr, his executor, who appeared and filed the following stipulation: "I hereby withdraw the separate answer of D. S. Clark in the above entitled suit, and as testamentary heir of said Clark, agree to the plaintiff's taking judgment." So that Carr, the devisee of Clark, is also estopped from making the objection.

The respondent also claims that he was a tenant at will of the premises, and was entitled to demand of possession and notice to quit.   He asserts nothing of the kind in his answer ; but, on the contrary, denies the plaintiff's title.   Besides, he conveyed all his title to the property by warranty deed to Clark.   Under these circumstances he was not entitled to any notice to quit, nor was any demand of the possession necessary before suit.   (*Kilburn* v. *Ritchie*, 2 Cal. 145 ; *Smith* v. *Ogg Shaw*, 16 Id. 88.)

The judgment is affirmed.

---

## LEVINSON *v.* SCHWARTZ *et al.*

In pleadings, statements of mere conclusions of law are insufficient; the facts from which the conclusion is to be drawn must be stated.

In an action of assumpsit, for goods sold and delivered, after a submission of the case upon the pleadings, defendants asked leave to amend their answer, which as it then stood raised no issue, by averring that the goods were purchased "on credit," and that the "term of credit" had not expired, which the Court refused : *held*, that the refusal was proper, as the averment proposed was only a conclusion of law, and therefore immaterial.

A general denial of the averments of a verified complaint with the qualifications of " except as hereinafter admitted," is insufficient to put in issue any of its allegations.

After an admission of the indebtedness charged in a complaint in assumpsit, a denial of the alleged promise to pay is immaterial.   From the indebtedness admitted the law implies a promise to pay, and the denial of any express promise raises no issue that requires proof on the part of the plaintiff.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*M. Compton,* for Appellant.

To the point that the amendment to the answer should have been allowed, cited: (*Loucks* v. *Green,* 99 Eng. Com. Law, 370 ; *Lestrade* v. *Barth,* 17 Cal. 285 ; *Roland* v. *Humphrey,* 18 Id. 455 ; 4 Duer, 228 ; 9 Cal. 56 ;) and that the denials in the answer raised a material issue, cited: (*Walrad* v. *Bennett,* 6 Barb. 144).

*Shafter, Heydenfeldt & Goold,* for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover the sum of $1,724 86, upon an account for goods sold and delivered. The complaint is in the usual form, and is sworn to. The answer denies that at the time stated in the complaint, or at any other time, they were indebted to the plaintiff in the sum of $1,724 86, or any other sum for goods, wares, and merchandise, or otherwise, before that time, sold and delivered, except as hereinafter admitted, and they also deny any promise to pay. The answer then admits that they purchased goods of the plaintiff of the value of $1,512 42, and of Levinson & Brother of the value of two hundred and twelve dollars and forty-four cents, and that they are informed and believe that the plaintiff is not the sole owner of the claim, and is not entitled to recover without joining one Levinson with him ; that plaintiff is not the real party in interest, but it is prosecuted for the benefit of Levinson & Brother. When the case was called for trial a jury was impanneled, and both parties submitted the case upon the pleadings. The defendants then asked leave to amend their answer, so as to aver that the goods were purchased " on credit," and that such " term of credit" had not expired. The Court refused to allow them to amend, to which they excepted. The Court instructed the jury that under the pleadings the plaintiff was entitled to a judgment for the sum claimed and interest, and a verdict and judgment were rendered accordingly, from which the defendants appeal.

The first assignment of error is that the Court ought to have permitted the defendants to amend their answer. It would have been

of no benefit to the defendants if they had been permitted to ame[n]
in the manner they asked for. A general averment that the "term
of credit" had not expired would have been insufficient, as it would
be but a mere conclusion of law, unsupported by any fact averred.
It would have been necessary to have averred the date of the sale
of the goods, and the length of time for payment given, and from
these specific facts the Court could have determined whether the
time had expired or not. But no amendment of that kind was
asked for. In pleadings, statements of mere conclusions of law are
insufficient; the facts from which the conclusion is drawn must be
stated. Courts should be liberal in granting leave to amend plead-
ings, but when the proposed amendment is immaterial, a refusal to
grant leave to amend cannot be urged as error.

The second ground of error is, that the denial of indebtedness in
the answer was sufficient to put the plaintiffs to their proof. The
denials are clearly insufficient to raise any issue upon any material
fact. A general denial of the averments of the complaint, with
the qualification of "except as hereinafter admitted," is clearly
insufficient where the pleadings are verified. The denial in that
form was not a specific denial, as required by the statute, and the
averments were therefore properly deemed admitted. The denial
of the alleged promise to pay was immaterial. Having admitted
the indebtedness charged in the complaint, the law implies there-
from a promise to pay, and the denial of any express promise
raised no issue that required any proof on the part of the plaintiff.
As to the averments that the plaintiff was not the owner or real party
in interest, they are not well pleaded, and the burden of proof was
on the defendants, and as no proof was offered by the defendants
to sustain them, it is not necessary, therefore, to notice them.

The judgment is affirmed.