## CHARLES W. WILDER, JR. *vs.* F. A. COLBY.

Suffolk. Jan. 29. — March 1, 1883. FIELD & W. ALLEN, JJ., absent.

If, in an action for goods sold and delivered, the declaration alleges that the defendant owes a certain sum, and the plaintiff's evidence shows that the goods were sold on credit, which had not expired at the date of the writ, the defendant may rightly ask the judge to rule that the action cannot be maintained, on the ground of a variance between the declaration and the proof, although the answer contains a general denial only.

In an action for goods sold and delivered, it appeared that the plaintiff consigned goods to the defendant for sale on the plaintiff's account; that, subsequently, the plaintiff wrote requesting the money for the goods sold, and a return of all the goods unsold which the defendant did not wish to buy; that the defendant returned the money for the goods sold, a portion of those unsold, stated that for the rest a certain sum was due, and offered to pay it by his promissory note on four months, or to return the goods. The plaintiff wrote requesting him to send the note, but received no reply. *Held,* that, in the most favorable view for the plaintiff, the sale was on a credit of four months, and not for cash.

CONTRACT.   Writ dated June 3, 1881.   The declaration was
as follows: The plaintiff says the defendant owes him $57.10,
with interest thereon from the 8th day of February, 1881, for
1400 cigars sold and delivered to him.   Answer, a general denial.
Trial in the Superior Court, before *Blodgett*, J., who allowed a
bill of exceptions, which, after stating that the pleadings might
be referred to, was, in substance, as follows:

The plaintiff offered evidence tending to show that on June
7, 1880, he consigned to the defendant $294 worth of cigars,
at prices named in the bill of consignment, to be sold by the
defendant on his account, and the proceeds remitted; that on
October 5, 1880, the defendant sent him $45 as the proceeds of
cigars sold; that, some time before the middle of January 1881,
he wrote to the defendant, asking him to send the money for
what cigars he had sold and to return all the cigars that he did
not desire to purchase; that, in answer to this, on January 31,
1881, the defendant returned to the plaintiff cigars worth, at
the consignment price, $141.90, and that, on February 8, he sent
him a check for $50, making $236.90 in cash and in cigars
returned, and a statement, headed " Charles W. Wilder, Jr. to
F. A. Colby, Dr.," which contained items on the debtor side, of
cash and cigars returned, to the amount of $236.90, and on the
credit side were the words, " By goods June 7, 1880, $294.   Due
$57.10."

Upon this statement were written the following words: "Chas.
W. Wilder, Jr.: Dear Sir: The above is statement as I have it
on my books.   I have kept about $57 worth of the cigars to
sell.   I will keep them and pay you in four months, as I have
always done, or I will return them to you.   F. A. Colby."

The plaintiff also testified that he wrote the defendant to send
him a note for the amount due, as per this account, but received
no reply; and on February 21, 1881, he wrote him, " I am
anxious to close books on last year's business and accept your
proposition to do so.   Please send me your note at 4 mos. from
this date, $57.50; " that he received no reply to this, but, on
March 7, he received from the defendant a postal card stating
that the defendant's shop was burned on February 15.

The defendant introduced evidence tending to show that on
February 15, 1881, the cigars, the price of which, at $57.10,

was referred to in his statement of February 8 as due, were burned with his store.

The defendant contended that the evidence of the plaintiff, if it tended to prove any contract of sale, proved one upon a credit of four months from February 8, 1881, and that there was, therefore, a variance between the evidence and the declaration, and that the plaintiff could not recover, as the suit was brought before the expiration of the said four months, and asked the judge to rule, upon the evidence, that there was a variance between the evidence of the plaintiff relating to any sale and the declaration; also, that, under the evidence of the plaintiff, the action could not be maintained, because it appeared that it was begun before the time of the credit set forth in the contract proved by the plaintiff had expired.

The judge declined so to rule, and submitted the case to the jury, with instructions, which were not excepted to by the defendant. The jury returned a verdict for the plaintiff for $59.72; and the defendant alleged exceptions.

*J. H. Hardy*, for the defendant.

*J. H. Benton, Jr. & W. I. Monroe*, for the plaintiff. 1. The only material allegation of the declaration is that the plaintiff sold and delivered fifty-seven dollars and ten cents' worth of cigars to the defendant before the date of the writ. Proof that he did so would sustain the count. *Dorr* v. *Fisher*, 1 Cush. 271. *Morrison* v. *Clark*, 7 Cush. 213.

2. The general denial of the defendant only put in issue the fact of such a sale and delivery. It did not raise the question whether the sale was on time, and the plaintiff was entitled to go to the jury if he offered evidence tending to show that he sold and delivered cigars of the value alleged at any time before the date of his writ. Pub. Sts. *c.* 167, § 20. *Reed* v. *Scituate*, 7 Allen, 141. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541.

3. On the evidence, the jury might and ought to have found that the defendant purchased the cigars on January 31, when, being called on to return all that he did not wish to purchase, he sent back all but the fifty-seven dollars and ten cents' worth, which sum he marked as "due" on his statement sent to the plaintiff eight days after, with his proposal to pay in four months

(i. e. pay what was then due), which proposition the plaintiff accepted only on condition that he should receive a note for the amount, which the defendant never sent. The only time when the minds of the parties met was when the defendant, holding the letter of the plaintiff requesting him to purchase what he did not return, returned all but fifty-seven dollars and ten cents' worth.

MORTON, C. J. A count in indebitatus assumpsit for goods sold upon a credit will not lie until the credit has expired. Such a count imports an allegation either that there was no credit or that it has expired. *Hunneman* v. *Grafton*, 10 Met. 454. *Morrison* v. *Clark*, 7 Cush. 213.

In this case, the plaintiff's evidence showed that he consigned the goods to the defendant in June 1880; that in February 1881, negotiations were had between the parties as to a sale of the balance remaining in the hands of the defendant. Regarding the plaintiff's evidence in the light most favorable to him, the utmost that it proves is a sale to the defendant upon a credit which had not expired at the time of the commencement of his suit. This was a fatal variance. To maintain his action, he is required to allege and prove that the debt was due and payable at the time of its commencement; his proof shows that the debt was not due and payable, and that he cannot maintain his action.

It is not a question of pleading by the defendant, but of proof by the plaintiff. *Morrison* v. *Clark, ubi supra.* In *Reed* v. *Scituate*, 7 Allen, 141, upon which the plaintiff relies, the question decided was a question of pleading, and the court carefully guards its opinion so as to exclude this case from its effect, by saying that, if the plaintiff himself, in making out his case, proved a credit which had not expired when the suit was commenced, "perhaps the defendant might have taken advantage of the evidence."

We are of opinion that the Superior Court should have ruled, as requested, that there was a variance between the plaintiff's allegations and proofs; and that, upon the evidence, he could not maintain his action.                    *Exceptions sustained.*