[No. 9278.    Department Two. — March 15, 1886.]

GUSTAV C. LANDIS ET AL., RESPONDENTS, v. M. J. MORRISSEY, APPELLANT.

GOODS SOLD AND DELIVERED — ACTION TO RECOVER FOR — PLEADING — EVIDENCE OF SALE ON CREDIT — NEW MATTER. — The action was brought to recover for goods sold and delivered. The complaint alleged a promise to pay for the goods on demand. The answer merely denied the allegations of the complaint. On the trial, the court excluded evidence offered by the defendant showing that the goods were sold on a credit of sixty days, which period had not expired when the action was commenced. *Held*, that the evidence was not new matter, and was admissible in defense of the action without being specially pleaded.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Henry E. Highton*, for Appellant.

The evidence that the goods were sold on credit was not new matter, and was admissible under the pleadings.

(*Frisch* v. *Caler*, 21 Cal. 71; *Hawkins* v. *Borland*, 14 Cal. 413; *Claflin* v. *Baere*, 28 Hun, 204; *Morris* v. *Fort*, 2 Mc-Cord, 397; *Hunt* v. *Wright*, 13 Tex. 549; *Wilder* v. *Colby*, 134 Mass. 377.) The evidence offered was a defense to the action. (*Hanna* v. *Mills*, 21 Wend. 92; *Manton* v. *Gannon*, 7 Brad. (Ill.) 201.)

*McAllister & Bergin*, for Respondents.

The evidence offered was new matter and inadmissible. (*Piercy* v. *Sabin*, 10 Cal. 27; *Glazer* v. *Clift*, 10 Cal. 303; *Levinson* v. *Schwartz*, 22 Cal. 229; *Wilkins* v. *Stidger*, 22 Cal. 232; *Lightner* v. *Menzel*, 35 Cal. 452; *Nelson* v. *Murray*, 23 Cal. 338; *Higgins* v. *Wortell*, 18 Cal. 330; *Hensley* v. *Tartar*, 14 Cal. 508; *Green* v. *Palmer*, 15 Cal. 415.)

T<span>HORNTON</span>, J.—The question in this case arises on an offer to introduce certain testimony. The point presented is to be determined upon the allegations of the complaint and the denials of the answer. There are several counts in the complaint, all of which were answered, but as the counts and the answers to them are the same as to the point to be decided, we shall present here only one of each.

The plaintiffs aver:—

"1. That during all the several periods of time hereinafter stated, said plaintiffs were, and still are, partners, doing business in said city and county of San Francisco, under the firm name of Landis & Jacoby; and during said several periods of time up to the 20th of April, 1882, the defendant and one S. Boeh were partners, doing business in said city under the firm name of Boeh & Morrissey; that on or about the 20th of April, 1882, at San Francisco, said S. Boeh died, leaving defendant the sole surviving partner of said firm.

"2. That, to wit, at said city and county of San Francisco, state of California, within a period of six months prior to the commencement of this action, and prior to

the death of said S. Boeh, plaintiffs sold and delivered to said partnership, of which defendant is sole survivor, as hereinbefore alleged, at their special instance and request, goods, wares, and merchandise, at agreed prices, amounting to the sum of two hundred and eighty-eight dollars and seventy-one cents ($288.71); that said goods, wares, and merchandise were reasonably worth said sum, which said sum they promised to pay whenever thereunto requested, but though often thereunto requested, they have not, nor has either of them, paid any part of the same, and the whole amount thereof remains due and unpaid."

The answer of defendant to this count is as follows:—

"Denies that plaintiffs sold or delivered to said partnership, of which this defendant is survivor, in manner and form in said second count alleged, the goods, wares, or merchandise therein mentioned, or any part thereof, or for the agreed prices in said second count alleged, or for any agreed price or prices; and denies that said partnership, at the time or place in said second count alleged, or any time or place, agreed to pay the sum in said second count specified, or any sum, to said plaintiffs whenever thereunto requested."

On the trial, as stated in the bill of exceptions, to prove their case, and each and every count in their complaint contained, the plaintiffs introduced witnesses, and upon the cross-examination of these witnesses, and also as part of his own case, the defendant offered to prove that the goods, wares, and merchandise alleged in each count of the complaint to have been sold to defendant and his deceased partner were purchased by the firm of Boeh & Morrissey from the plaintiffs, upon a credit of sixty days, the period of which had not expired when this action was commenced.

The plaintiffs objected to the testimony offered, on the ground that it was not within the issues raised by the pleadings. The court sustained the objection, and defendant reserved an exception.

The complaint averred that the firm of which the defendant is surviving partner promised to pay for the goods sold and delivered to it, whenever thereunto requested, but though often requested nothing has been paid.

The defendant denied this, as he did every material allegation of the count.

It is contended here that the offer of defendant was new matter, and should have been specially pleaded; and not having been so pleaded, the testimony proposed in the offer was properly excluded. The contention is maintainable if the offer presented new matter.

What is new matter? New matter is that which admits that the cause of action stated in the complaint once existed, but at the same time avoids it, — that is, shows that it has ceased to exist. Of this character are release and accord and satisfaction. (*Coles* v. *Soulsby*, 21 Cal. 50; Gould's Pleading, c. 3, sec. 195; *Frisch* v. *Caler*, 21 Cal. 71; *Hawkins* v. *Borland*, 14 Cal. 413; *Claflin* v. *Baere*, 28 Hun, 204; *Wilder* v. *Colby*, 134 Mass. 377.) It is a matter arising subsequently to the origin of the cause of action. A plea of release admits the cause of action, but sets forth a release subsequently executed by the party authorized to release the cause of action. So also a plea of accord and satisfaction. Such new matter the defendant must affirmatively establish. (*Coles* v. *Soulsby, supra.* See plea of release, 3 Ch. Pl. 930; pleas of accord and satisfaction, 3 Ch. Pl. 924, 1002, 1031, 1062.)

But the matters here offered to be shown were not of those occurring after the cause of action arose. The defendant's offer was to show that the cause of action did not exist when the action was begun. The answer put in issue all the material allegations of the complaint. The offer was to prove that the cause of action had not accrued when the suit was brought. At common law this was permissible under the general issue (Gould's Pleading, sec. 44, c. 6), and new matter was not, according to

the strict original principles of the common law, admissible under the general issue any more than under the system established by the Code. (Gould's Pleading, sec. 44, *supra*.) In *Wilder* v. *Colby*, *supra*, the action was for goods sold and delivered, and the declaration alleged that the defendant was indebted to plaintiff in a certain sum of money for the goods so sold. The answer was a general denial. The evidence showed that the property had been sold on a credit which had not expired when the action was brought. It was ruled that the action could not be maintained.

We are of opinion that the Court erred in excluding the testimony embraced in defendant's offer, and for that reason the judgment and order must be reversed and the cause remanded.

Counsel are in error in assuming the offer of defendant could only be presented in a plea in abatement. It goes to the merits of the action and shows that it never existed when the suit was brought. (Gould's Pleading, secs. 32, 33, c. 2.) It is an answer to the whole action and perfect defense. Such a defense can be made without any plea in abatement. It does not merely abate the action: it defeats it. (*Wilder* v. *Colby*, *supra*; *Hanna* v. *Mills*, 21 Wend. 92; *Manton* v. *Gannon*, 7 Brad. (Ill.) 201.) Nor is the case here presented one of an immaterial variance. The testimony offered and rejected would have shown a failure of the plaintiffs to prove their cause of action. (Code Civ. Proc., sec. 471.)

We have examined the cases cited by the counsel for plaintiffs,—*Levinson* v. *Schwartz*, 22 Cal. 229; *Wilkins* v. *Stidger*, 22 Cal. 232, 233, *Nelson* v. *Murray*, 23 Cal. 338, and *Lightner* v. *Menzel*, 35 Cal. 452,—and find nothing in them inconsistent with what is said herein.

From what has been said above, it becomes unnecessary to pass on the application made by defendant to the court below, to be permitted to amend his answer.

Judgment and order reversed, and cause remanded for a new trial in accordance with the views set forth herein.

McKee, J., and Sharpstein, J., concurred.

Hearing in Bank denied.