ANTONSANTI & LA COSTA, Plaintiffs and Appellants, *v.* HEIRS OF ANA AXTMAYER, Defendants and Appellees.

No. 4423.   Argued May 31, 1928.—Decided November 13, 1928.

*Dubón & Ochoteco* for the appellants. *A. Quintana Cajas* for the appellees.

Mr. Justice Texidor delivered the opinion of the court.

The partnership of Antonsanti & La Costa, composed of attorneys F. Antonsanti and Ricardo La Costa and having an office in San Juan, sued the heirs of Ana Axtmayer, consisting of her legitimate children Rosa, Simon, Joseph, Charles and Henry Axtmayer, to recover fees for professional services rendered to Ana Axtmayer, deceased.

It is necessary to copy the complaint filed in the District Court of San Juan by the appellants. It reads as follows:

"Now comes the plaintiff partnership of Antonsanti & La Costa by their undersigned attorneys and respectfully show:

"1.—That the plaintiffs are a professional partnership composed of attorney Frank Antonsanti, of lawful age, single and a resident of San Juan, and attorney Ricardo La Costa Jr., married, of lawful age and a resident of San Juan, the said partnership being engaged in the practice of law and its aforesaid partners being admitted to practice before the courts of this Island. The defendants are of lawful age, property owners and residents of San Juan and the only heirs of Anna Axtmayer, who died on May 24, 1926.

"2.—That in the month of February, 1926, Anna Axtmayer engaged the professional services of the plaintiff partnership of Antonsanti & La Costa in civil case No. 958 of the District Court of San Juan, 'Amy B. Macatee, Petitioner, v. Diego Biascochea, doing business under the name of Clínica Miramar, and Anna Axtmayer, Defendants,' and in compliance with the request of the said Anna Axtmayer that they represent her in the aforesaid case before the District Court of San Juan until its termination, the plaintiffs proceeded to render and did render their professional services to the entire satisfaction of the said Anna Axtmayer.

"3.—That during the whole course of said civil action No. 958 in the District Court of San Juan the plaintiffs acted as defensors of Anna Axtmayer and also as her advisers and counselors.

"4.—That in contracting for the professional services of the partenrship of Antonsanti & La Costa there was no stipulation as to the amount to be paid by Anna Axtmayer to the plaintiffs for their professional services.

"5.—That $800 is the reasonable value of the professional services rendered by the plaintiffs to Anna Axtmayer in the said civil case

No. 958 of the District Court of San Juan, and Anna Axtmayer was willing to pay to the plaintiffs on demand the said sum for the services, but did not pay it because Anna Axtmayer died on May 24, 1926.

"6.—That notwithstanding the demands made by the plaintiffs upon the present defendants they have refused to pay to the plaintiffs the said said sum of $800 and therefore that sum is still owed by the defendant heirs."

The answer of the heirs of Anna Axtmayer is as follows:

"Now come the defendant heirs as mentioned above by the undersigned attorney and make answer to the complaint as follows:

"1.—They admit the first averment of the complaint.

"2.—As to the second averment of the complaint, they admit that attorney Frank Antonsanti represented Anna Axtmayer before the District Court of San Juan in civil case No. 958, but deny the other particulars of said averment for lack of information and belief.

"3.—They deny the third averment of the complaint for lack of information and belief.

"4.—They also deny for lack of information and belief the fourth averment of the complaint.

"5.—They deny the fifth averment of the complaint for lack of information and belief.

"6.—As to the sixth averment of the complaint, they admit that the plaintiffs demanded of the defendants payment for their professional services, not in the amount claimed in the complaint, but the sum of five hundred dollars.

"Special defense.—As new matter and in opposition to the complaint the defendants allege that the plaintiffs demanded of them for the professional services alleged to have been rendered to the deceased parent of the defendant heirs the sum of $500 only and the said sum is highly excessive considering the services rendered by the plaintiffs in the aforesaid case, which services, in the opinion of the defendant heirs and to their best information and belief, were not as efficient as the case demanded."

At the trial the plaintiffs moved for judgment on the pleadings on the ground that in answering the defendants had not formulated an opposition to the complaint in the manner required by the Code of Civil Procedure, and argued orally that the facts alleged in the complaint had not been

controverted in the answer. The defendants opposed the motion and ruling on it was reserved. The parties agreed to examine the evidence without prejudice to the ruling to be rendered on the motion. The evidence offered having been heard, the court rendered judgment that as the defendants had adduced new matter in opposition, a judgment on the pleadings was not proper and, considering the case on its merits, adjudged that the defendants should pay to the plaintiffs four hundred dollars for their professional services and the costs of the litigation.

That judgment has been appealed from by the plaintiffs and in their brief they assign one only error, as follows:

"The District Court of San Juan, Porto Rico, committed manifest error in overruling the motion made by the plaintiff-appellants for judgment on the pleadings."

The questions argued in the present case are many.

In the first place it is contended that as the complaint and the answer are verified, the denials made in the answer can not be effective because they are not specific.

Section 110 of the Code of Civil Procedure requires that if the complaint be verified, the denial of *each allegation controverted* (italics ours) must be specific. In the case of *Boyer v. Municipal Assembly of Guayama*, 34 P.R.R. 19, this court said:

"As the petition was verified in this case and the defendant filed an answer, the latter, if properly filed, should have contained a denial of each allegation. Instead thereof, the answer said as follows:

"'1.—He denies the first paragraph (*hecho*) of the petition. 2.— He admits the second paragraph (*hecho*) of the petition. 3.—He denies the third paragraph (*hecho*) of the petition.' etc."

And later it said:

"According to section 110 of the Code of Civil Procedure, it is each 'allegation' that must be specifically denied and not a whole paragraph denied in bulk. Hence the answer leaves the petition in force."

This holding alone would be sufficient with regard to the answers made to the third, fourth and fifth allegations of the complaint, apart from the fact that a party places himself in a very strange position when he admits in his special defense the rendering of services in saying "that the said sum is highly excessive considering the services rendered by the plaintiffs in the aforesaid case. . ." At the same time by way of answer and for lack of information and belief he could deny the rendering of such services adduced in the third allegation of the complaint.

The third, fourth and fifth averments of the complaint have not been denied specifically in accordance with section 110 of the Code of Civil Procedure, and that lack of denial leaves these averments in effect.

But the most discussed of those averments is the one made under number VI of the complaint. As may be seen from its copy in this opinion, it is alleged that notwithstanding the demands for payment made by the plaintiffs, the defendants have not paid to the plaintiffs the sum of $800.

What is the answer of the defendant heirs to that averment? The answer has been transcribed. Of the facts alleged in that number of the complaint the only thing denied is the amount of the claim, the answer saying that it was five hundred dollars and admitting the demands. Certainly this is not the best form of denying the allegation. But after a careful examination of the allegation of the complaint and that of the answer it can not be said that either the former or the latter is essential. The former establishes the fact of the demands and actions and the answer admits the demands but for a less amount. But the essential fact of the value of the services is not found in the sixth averment, but in the fourth and the fifth, especially in the fifth.

Even if the plaintiffs had charged for their services a sum less than $800, as they were not paid and were forced to sue for it they could have changed the valuation. This court so held in the case of *Hamilton* v. *Boerman*, 35 P.R.R.

496, the doctrine being conditioned on the fact that the amount claimed may not be excessive or manifestly unjust.

We find in this case the allegation that the services had been rendered and were worth $800 and that Anna Axtmayer was willing to pay that sum to the plaintiffs. Rather than an action to recover for professional services this could be called an action for the performance of a contract. The facts just stated are not confronted by a formal denial in accordance with section 110 of the Code of Civil Procedure.

The defendant heirs proposed as new matter in opposition to the complaint that the plaintiffs charged $500 for their services, but said that that sum was excessive and that the services rendered by the plaintiffs had not been as efficient as the case demanded.

It can not be maintained that fees for professional services depend exclusively on the winning of the case in which they are rendered. An attorney gives to his client his intellectual efforts, his activity and his industry. The solution of the problem submitted to him does not depend on him alone, for the nature of the case sometimes or the judgment of a third person at others says the last word for the solution. His study, his activity, his efforts, are the objects of remuneration and success is not paid for in the shape of fees.

But the most important question is whether or not the so-called "Special Defense" is, as claimed in the answer, new matter.

In *González* v. *González Ramos*, 35 P.R.R. 642, this court cited the definition of "new matter" as it appears in Estee on Civil Procedure and which for the purpose of this opinion may be considered as reproduced.

The jurisprudence of California is as follows:

"New matter is that which admits that the cause of action stated in the complaint once existed, but at the same time avoids it,—that is, shows that it has ceased to exist. Of this character are release and accord and satisfaction. It is a matter arising subsequently to the origin of the cause of action. A plea of release admits the cause of action, but sets forth a release subsequently executed by the party

authorized to release the cause of action. So also a plea of accord and satisfaction. Such new matter the defendant must affirmatively establish.

But the matters here offered to be shown were not of those occuring after the cause of action arose. The defendant's offer was to show that the cause of action did not exist when the action was begun. The answer put in issue all the material allegations of the complaint. The offer was to prove that the cause of action had not accrued when the suit was brought. At common law this was permissible under the general issue, and new matter was not, according to the strict original principles of the common law, admissible under the general issue any more than under the system established by the Code." *Landis* v. *Morrissey*, 69 Cal. 83; 10 Pac. 258.

These citations are sufficient to fix the real definition of new matter and the necessary requisites for pleading it. According to them it can not be said that the matter pleaded by the defendants under that name is new matter. No admission is made that the sum of $800 was a just and reasonable compensation for the services, and in regard to that admission no allegation is made of any fact really constituting new matter (release and accord and satisfaction, as said in *Landis* v. *Morrissey, supra*); or no admission is made that Anna Axtmayer was willing to pay that sum and there existed afterwards a fact or circumstance giving rise to another distinct resolution. Matter so alleged is not new matter. Under such conditions the ground alleged for the denial of a judgment on the pleadings is not satisfactory.

But we find in the opinion and judgment of this court in *Horton et al.* v. *Robert,* 11 P.R.R. 168, matter applicable to the present case. That opinion cites the case of *Fitzgerald* v. *Neustadt,* 91 Cal. 602, and it is said:

"But it is decided in the case of *Fitzgerald* v. *Neustadt* by the Supreme Court of California that motions for judgments on the pleadings may be allowed or refused in the discretion of the court; and it is also decided by the same court, in other cases, that vagueness is not alone sufficient to justify such a judgment, and the matter being discretional in the trial court, the appellate court will not reverse the action of the trial court, in refusing to render a judgment

on the pleadings, unless there is shown a gross abuse of the discretion allowed, but such action will be sustained. This being the trend of authority in California, and there being in this Island, as in that State, no statute law directly and positively providing for such a proceeding as a judgment on the pleadings, we cannot find in this case the existence of such a gross abuse of judicial discretion as would justify us in reversing the ruling made below in the denial of such a motion, and for that reason decline to modify the order of the court denying the motion made by plaintiffs in this regard. (*Fitzgerald* v. *Neustadt*, 91 Cal. 602.)''

It is in the discretion of the court to grant or deny motions for judgment on the pleadings. In this case no abuse of that discretion has been alleged.

We do not understand that the appellants have a firm position in a case in which, after a motion for judgment on the pleadings, they agree to the submission and examination of the evidence without having lost on their original motion. But this point does not require consideration in the present case.

For the reasons stated the judgment appealed from must be affirmed.

Mr. Justice Wolf concurred in the judgment.