Y. O. McADAMS ET AL. v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

Delivered May 4, 1898.

**1. Railroad Company—Fire Insurance Contract.**

The provision of a contract granting permission for the erection of a storehouse on a railroad right of way, that the company shall not be liable to a third person whose goods were burned by its negligence while they were in such storehouse with the consent of the owner, does not apply where the contract expressly required the owner of the building to keep it and its contents insured for the benefit of the company.

**2. Fire Insurance—Subrogation.**

An insurance company upon paying to the transferee of a policy of insurance on goods stored in a building erected upon a railroad right of way by the person to whom the policy was originally issued the loss resulting from the destruction of the property by the negligence of the railway company, is entitled to be subrogated to the right of the transferee against the company under the subrogation clause in the policy, notwithstanding a provision of the contract with the company under which the building was erected that the owner should keep it and its contents insured for the benefit of the railway company, where the property was not in fact insured for the benefit of the railway company.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*Montrose & Clark, Neyland & Neyland,* and *Harris, Etheridge & Knight,* for appellants.

*T. S. Miller* and *Head, Dillard & Muse,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellants against the appellee to recover the sum of $2845.25 on account of loss and damage caused by the alleged negligence of appellee in setting fire to certain property by sparks from its engine. The case was tried before a jury, and the trial resulted in a verdict and judgment in favor of the appellee. The nature of the case will be seen from such facts as are necessary to be stated in order to properly dispose of the question raised by this appeal. Such facts are as follows:

On August 5, 1895, the Missouri, Kansas & Texas Railway Company entered into a written contract with J. B. Briscoe, whereby the railway company granted permission to Briscoe to erect a grain and hay house on its right of way or depot grounds at Caddo Mills station, which contract provided that the building should be used and occupied as a grain and hay house in connection with the transaction of the legitimate business of said railway and for the accommodation of its business interests, for the term of one year from the date thereof, subject to be renewed by the consent of the parties, unless sooner revoked by the railway company. It was stipulated in the agreement that Briscoe should pay the railway company for the privileges and permission granted him the sum of $1 per annum, and that he should use the building and manage the business connected therewith in such a manner as to save the company from any liability to any person, and save it harmless against any demand or claim made on account of the construction and maintenance of such building on said grounds. He further agreed to keep the building and its contents fully insured for the benefit of the railway company, against any damage or loss by fire communicated in any manner from the locomotive engines or other machinery of said company, and that the company should not be liable for any loss to said building and contents by fire communicated from its engines or machinery as aforesaid or otherwise. The contract provided that it might be renewed and continued in force from year to year by consent of the parties.

On October 8, 1896, when said contract was still in force, and the building erected thereon used by Briscoe for the purposes stated in the contract, J. B. Briscoe, J. M. Johnson, and J. T. Hulsey, by their bill of sale of that date reciting as a consideration the assumption and payment of certain of their indebtedness amounting to $2450 by Y. O. McAdams, sold and conveyed unto the said McAdams all their hay, oats, and cotton seed stored in said building. After such sale the property remained in the building for the purpose of being shipped over appellee's road.

On August 27, 1896, the Hartford Fire Insurance Company issued its policy of insurance to J. B. Briscoe indemnifying him against loss or damage by fire, subject to a three-fourths loss clause, for the term of one year, in the sum of $2390. The property covered by said policy was the property sold to McAdams as above stated, and was then stored in the building erected by Briscoe on the railroad's right of way at Caddo Mills, which building was also insured by the policy. The policy contained the usual subrogation clause providing that if the fire was caused by the

act of negligence of any person or corporation, the insurance company should, on payment of the loss, be subrogated to the extent of such payment to all right of recovery of the insured, and that such right should be assigned on receiving such payment.

On October 16, 1896, said policy of insurance by the consent of the insurance company was transferred by written indorsement thereon by Briscoe to Y. O. McAdams, there being excepted from the transfer $360 worth of oats, and the amount ($800) for which the building in which the property was stored was insured.

On October 30, 1896, said building and its contents, including the property conveyed as aforesaid to McAdams, were destroyed by fire. It is claimed by appellants that the fire originated from sparks negligently emitted from an engine of the railway company. Upon this contention, however, we make no finding.

On November 24, 1896, the insurance company paid J. B. Briscoe and Y. O. McAdams $2345 on said policy, for the loss sustained by reason of said fire, and at that time in consideration of said payment Briscoe and McAdams transferred to the insurance company all their right, claim, and interest to the extent of such payment against the said railway company or any other person or corporation who might be liable for the destruction of said property. Of the sum paid, J. B. Briscoe received $800, the insurance on the building, and the remainder was paid to Y. O. McAdams, it being the amount of the insurance on his property.

The court, after submitting the question to the jury as to whether or not the fire which destroyed the property was caused by sparks escaping through the negligence of the railway company from one of its engines, instructed the jury as follows:

"3. The property bought by plaintiff McAdams was placed in the barn on the right of way of defendant company under a contract with Briscoe which exempted and protected defendant company from all liability in case same should be destroyed by fire, and if plaintiff McAdams knew that fact when he bought said property then plaintiffs are not entitled to recover herein.

"4. The property bought by plaintiff McAdams was placed in the barn on the right of way of defendant company under a contract with Briscoe which exempted and protected defendant company from all liability in case same should be destroyed by fire, and for that reason plaintiffs can not recover unless you find that defendant company by its authorized agents knew prior to the fire that plaintiff McAdams had bought said property, and, after knowing that fact, permitted said property to remain in said barn without protest."

These paragraphs of the charge are assigned as error.

It will be observed from our statement of the facts developed upon the trial that the contract referred to in the portion of the charge quoted was between the railway company and J. B. Briscoe. McAdams was not a party to it, nor in any way affected by it, and it is immaterial whether he had notice of the terms of the contract at the time he purchased the

property or afterwards.  The contract itself presupposes the liability of the railway company for damages occasioned by fire to property stored in the building, if such fire should be communicated in any manner from the locomotive engines or other machinery of the railway company, and provides that Briscoe shall keep the building and its contents fully in-. sured for the benefit of the Missouri, Kansas & Texas Railway Company against any damage or loss by fire communicated in such manner.  Had it been contemplated that the building should remain the property of Briscoe and be used only for storage of his goods, the simple stipulation that the railway company should not be liable for loss or damage occasioned by fire communicated to the property by its engines, would have been sufficient to have protected the railroad against any damage to the property so occasioned.  But it is clear from the contract that such was not the contemplation of the parties.  By its terms the building was to be used and occupied as a grain and hay house in connection with the transaction of the legitimate business of said railway, and for the accommodation of its business interests.  In the contemplation of the parties the building, while the property of Briscoe, was to be used as a warehouse in connection with the business of the railroad; and that while property of third parties was stored in it for shipment over said railroad, or such storage was in any way connected with the business of the company, it would be liable to the owner for its loss by fire if such fire was communicated through the negligence of the company or its employes from its engines, and the road would have to look to Briscoe to indemnify it, as he contracted to do, from such liability.  A railway company is liable to no one for the loss of its own property in which no other person is interested, occasioned by its own negligence or the negligence of its employes; but when it negligently destroys property of a third party it is liable for the loss, whatever may have been its contract with another party on whose premises the property destroyed was stored.  Nor can the fact that the property destroyed was purchased from one to whom the railroad would not have been liable for its loss as long as it remained his property, alter the case.  When McAdams purchased from Briscoe the property which was destroyed, he owned it, and the railroad was as much responsible for its negligent destruction as it would have been had McAdams purchased it from anyone else and stored it in any other building.

The property was not insured by Briscoe for the benefit of the railway company, and when it was sold and the policy of insurance, with the consent of the insurance company, was transferred to McAdams, the liability of the insurer on the policy to McAdams for the loss was the same as it would have been had the policy been originally issued to him.  Under the subrogation clause in the policy, the insurance company, upon the payment of the loss according to its terms to McAdams, was, to the extent of such payment, subrogated to all the right that McAdams may have had against the railway company for the negligent destruction of its policy by fire.

It follows from what we have said that the assignments of error which

complain of the paragraphs of the charge quoted are well taken. But it is contended by the appellee that notwithstanding such error a verdict could not under the evidence have been rendered in favor of appellants for the reason that it is not reasonably sufficient to show that the fire was communicated to the property through the alleged negligence of the railway company, and that therefore the judgment in appellee's favor should be affirmed. We will not comment upon the evidence as to appellee's negligence, but will say that it was such as required a submission of the question to the jury  This question, though submitted, the jury may have not considered at all, for, without considering it, they may have under the charge found the verdict for the defendant.

On account of the errors indicated, the judgment of the District Court is reversed and the cause remanded    .

*Reversed and remanded.*