## Texas & Pacific Railway Company v. Scottish Union National Insurance Company.

### Decided April 15, 1903.

**1.—Setting Fires—Railroads—Contributory Negligence—Charge.**

Where in an action against a railway company for the value of cotton destroyed by fire set from defendant's engine the evidence raised the issue of contributory negligence on the part of plaintiff and that issue was properly submitted by the charge, and the court further charged that if the cotton was burned through sparks from the engine, plaintiff had made a prima facie case and could recover unless the engine was properly equipped and managed, or unless the jury found in favor of defendant on the issue of contributory negligence, such latter charge was not rendered erroneous because of the fact that the evidence raised the issue of contributory negligence.

**2.—Same—Assumed Risk—Charge.**

Where the court had expressly charged the jury to find for the defendant if the engine was properly equipped and operated, there was no error in the refusal of a charge that, when the cotton was placed on the platform near the tracks the owner assumed all risks of fire which might arise from a properly equipped engine properly operated, since this would not have improved the instruction already given.

**3.—Same—Circumstantial Evidence—Cause of Fire.**

The defendant having introduced evidence to the effect that its engine was properly equipped and operated, it was proper to admit testimony for plaintiff showing that about the time and place of the fire witnesses saw the engine pass the platform where the cotton was ignited, throwing out sparks and that it set the grass on fire at various places for several miles along its route.

Appeal from the District Court of Red River. Tried below before Hon. J. G. McGrady.

*Head & Dillard* and *T. J. Freeman,* for appellant.

*E. S. Chambers* and *A. L. Beaty,* for appellee.

JAMES, CHIEF JUSTICE.—On January 3, 1896, there was a cotton platform in Clarksville, partly on appellant's right of way, and partly on adjoining land. W. A. Mauldin and Robert Holt had each eight bales of cotton on the platform, all of which was burned on that day. Plaintiff alleged that the fire was communicated from one of defendant's engines. The insurance company insured the cotton, paid the loss, and claimed the rights of Mauldin and Holt through subrogation stipulations in the policy and by assignment, and brought this action.

By the first assignment of error it is alleged, in substance, that as the evidence made the issue of contributory negligence on the part of the owners in not, under existing circumstances, taking care to protect the cotton from passing engines, it was error for the court to charge the jury that the setting fire to the cotton by the engine would be prima facie evidence of negligence.

The charge which furnishes the material for this assignment is as follows: "Now if you believe from the evidence that said cotton was burned through fire communicated by sparks or fire escaping from the defendant's locomotive engine, then the plaintiff has made a prima facie case, and would be entitled to recover, unless you should find in favor of defendant upon the ground that it had exercised ordinary care to have its engine equipped with the best approved appliances in use for the prevention of escape of fire and sparks therefrom, and that it had exercised ordinary care to have same in good repair and was operated with ordinary care, under other instructions given you, or unless you find in favor of defendant upon the ground of contributory negligence, under other instructions given you." This is said to be erroneous, because the "evidence in this case raised the issue of contributory negligence upon the part of plaintiff, and when the evidence does so raise the issue of contributory negligence it is error to charge that the setting out of the fire makes a prima facie case of negligence in behalf of plaintiff."

What this charge stated was that if the cotton was burned from sparks escaping from the engine, this prima facie entitled plaintiff to recover, unless among other things the jury found that the owners had been guilty of contributory negligence. If they had not been guilty of contributory negligence (an issue fully submitted, and which the jury were required to pass on, and their finding on this plea must have been against defendant), then in such event the jury would not have been properly instructed if the court had not told them that the ignition of the cotton by sparks made a prima facie case of negligence against defendant. The fault with this assignment is in assuming that it is error to charge on this presumption in a case where the issue of contributory negligence is raised by evidence. If the verdict should be in favor of the plea, it would be the end of the case. So the jury were instructed in a separate paragraph. If otherwise, the case should be considered just as if that issue were eliminated; and the jury would have to deter-

mine the case from the presumption of negligence, and the rebutting evidence. The assignment is not well taken.

The second assignment complains of the refusal of this charge: "When the cotton was placed on the platform the owners assumed all risks of fire which might arise from an engine equipped with the best appliances for preventing the escape of fire and sparks, if the same was then and there in good condition and if said engine was there and then operated with ordinary care and prudence, and if you believe from the evidence the cotton was destroyed because of a risk so assumed, return a verdict for defendant."

The reason for this assignment is that in placing the cotton where they did the owners assumed "the risk of fire which should emanate from one of defendant's engines properly equipped and properly operated."

The jury were expressly told to find for defendant if the engine was properly equipped and properly operated. Such instruction would not have been improved any by telling the jury that if the engine was properly equipped and operated, the owners assumed all risk of fire by placing the cotton where they did, and therefore to find for defendant.

Under the third, fourth, fifth and sixth assignments question is made as to the admissibility of certain testimony of four witnesses. The proposition is the same under all of them, and we copy it: "The witness not knowing how the fire originated, it was error to permit him to testify as to its existence and from such existence to presume that it originated from the engine, and from this presumption to draw the further presumption that the engine set fire to the cotton and that this was negligently done."

The testimony of these four witnesses, which is complained of, is of similar kind, and it is sufficient to indicate its nature that we copy that of three of them:

L. A. Raines testified: "That he was at his home about three miles west of Clarksville when he saw smoke from a fire at Clarksville during the afternoon of January 3, 1896; that about half or three-quarters of an hour before he first noticed fire at Clarksville he saw a freight train on the Texas & Pacific Railway going east. That he could not see any fire, but that cinders were escaping from the locomotive very freely." Then plaintiff further offered to prove by this witness as follows: "I know of another fire that started on defendant's right of way on same day of the cotton platform fire, about three and one-half miles west of Clarksville and about the middle of the afternoon. This fire originated from the freight train before mentioned which passed going east. I was about 75 or 100 yards from the fire when it started, and the engine was about 200 or 300 yards past the fire when I saw it. The fire burned off about a half an acre of grass, all there was there. The grass was also set on fire about the same time about 150 yards west of my house and about 40 feet from the track and burned off a small plat of Bermuda grass. About 300 yards east of my house the grass was also

set on fire about the same time. This was about sixty feet from the track."

H. A. Green testified: "That about a half hour before he noticed the smoke of the fire from the compress platform at Clarksville a freight train passed him going east; that it threw out cinders and set the grass on fire." Plaintiff then further offered to prove by him the following: "That I went down the railroad towards home and the grass was afire in two other places that I saw. These fires were about the same distance from the track as the other fires I saw. These fires were not extensive. They burned off small patches of grass from one-eighth to a half acre. I did not see any of these fires start except the one first above mentioned."

Lee Cooper testified. "That he was going toward Clarksville on the day of the fire; that he saw the freight train passing him going east between 3 and 4 o'clock and about the time the fire was burning on the compress platform." Plaintiff then offered the following evidence from the witness: "I drove in a trot, and in about a quarter of a mile from where I first saw the train I saw grass burning on the south side and near the railroad track. I saw this immediately after I saw the train. I had only ridden about one-fourth of a mile since I saw the train and was riding in a trot. I do not know how this fire originated. I did not see it start. This and the platform were burning at the same time."

This proof was circumstantial evidence tending to prove certain main facts in issue, viz., that the engine in question was not properly equipped or not properly operated. It was the same engine that passed the depot platform when the cotton appears to have been ignited, and what was testified to occurred on the same occasion, and in close proximity to the fire in question. Unquestionably it was competent, in view of evidence that this engine had the best spark appliances, and was skillfully and properly operated, to show the contrary by direct or circumstantial evidence. It is difficult to conceive of more appropriate testimony, or testimony more accessible to plaintiff to negative such evidence, than that the same engine, on the same occasion, under the same management and in the same neighborhood, freely threw sparks, or left fires promiscuously as it passed. The matter is not one of establishing an inference or presumption that these other fires occurred through negligence of defendant and from such inference to infer that the fire in question was so caused. The evidence under consideration bore directly on facts in issue—the character of the appliances on this engine, and the management of the engine, and was admissible for this reason, if for no other.

The question presented under the seventh assignment need not be discussed. This court fully considered and passed on it in McAdams v. Railway Co., 19 Texas Civ. App., 82, 45 S. W. Rep., 936. Affirmed.

*Affirmed.*