[Civ. No. 1003.   Second Appellate District.—October 6, 1911.]

## J. ROLLIN FRENCH, Respondent, v. ATLAS MILLING COMPANY, a Corporation, Appellant.

ACTION FOR PRICE OF HAY SOLD—NUMBER OF TONS DELIVERED—SUPPORT OF FINDING.—In this action to recover the contract price for 150 tons of hay sold and delivered by plaintiff to the defendant, it is held that the court's finding as to the number of tons sold and delivered under the terms of the contract of purchase is supported by the evidence.

ID.—EVIDENCE—WRITTEN CONTRACT SHOWING TONNAGE—EXECUTION BY DEFENDANT'S ATTORNEYS — GENERAL OBJECTION — WAIVER.—The court properly admitted in evidence a contract signed by defendant's attorneys, tending to show the tonnage of hay sold and delivered, where the only objection to its introduction was the general one that the instrument was incompetent, irrelevant and immaterial, and did not specify the objection that it was not authorized by the defendant. Such special objection was waived, and cannot be urged for the first time upon appeal.

ID.—CONTRACT BY LESSEES TO SHARE EXPENSE OF LOADING LANDLORD'S SHARE OF HAY—FINDING AGAINST CLAIM OF DEFENDANT.—Where there was a contract between plaintiff's assignor and defendant's assignor as lessees of a ranch to pay the expense of loading the landlord's share of the hay, and there was testimony tending to establish the gross sum paid by defendant in handling all of the hay received by the defendant, but it cannot be determined from the evidence what portion, if any, of the amount paid by defendant

should be applied to the cost of loading the landlord's share of the hay, it is held that the court properly found that defendant's claim that it paid the whole cost of loading the hay belonging to the landlord, and that it was entitled to charge plaintiff with one-half thereof, was untrue.

APPEAL from a judgment of the Superior Court of Los Angeles County. Benjamin F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Hester, Merrill & Craig, for Appellant.

McKelvey & Sorenson, for Respondent.

SHAW, J.—Action to recover the contract price for 150° tons of hay alleged to have been delivered to defendant by Frank E. Kemp, plaintiff's assignor, pursuant to the terms of a contract for the sale and delivery thereof. The number of tons of hay delivered under the terms of the contract, as found by the court, was 141⅔ tons, for which, less a sum already paid on account of the purchase price thereof, it gave plaintiff the judgment from which defendant prosecutes this appeal.

Appellant insists the judgment should be reversed for the reason that the finding of the court fixing the number of tons of hay delivered is not supported by the evidence. There is no merit in this contention. Not only did the direct testimony of Kemp, the assignor of plaintiff, tend to prove the fact found by the court, but there was introduced in evidence a writing which purported to be executed by defendant, which, when considered with other evidence, is ample to support the finding.

Appellant, however, insists that the court erred in permitting this writing to be admitted in evidence, for the reason that it was not in fact signed by defendant, but by its attorneys, who were not shown to have been authorized to act for it. When offered in evidence, no objection was made to its introduction upon such ground, the sole contention then being that the instrument was incompetent, irrelevant and immaterial. If defendant had desired the exclusion of the instrument upon the ground now for the first time urged, it should

have made its objection based upon such ground at the time
of the trial, when opportunity would have been afforded plain-
tiff to meet the same. Not having done so, it will not now
be permitted to urge an objection not made at the time of the
trial, when the writing was offered in evidence. That the
evidence was material is shown by the fact that it tended to
prove the question in dispute, viz., the number of tons of hay
delivered to appellant by plaintiff's assignor. It appears that
Kemp, the assignor of plaintiff, and one Hewitt were copart-
ners in the ownership of a lot of hay grown upon the ranch
of W. K. Fogg, who was entitled to one-third of the crop as
rental. After the hay had been harvested, these parties, by
a writing, apportioned the tonnage of hay according to their
respective interest, it being agreed that Fogg, the landlord,
owned and was entitled to 224 tons, and that plaintiff's as-
signor, Kemp, owned and was entitled to 160 tons of said hay,
and that Hewitt was entitled to the remainder thereof. Ap-
pellant had theretofore, in an action brought against Hewitt,
caused the hay to be attached, and after the levy of the at-
tachment and the making of the agreement between said par-
ties apportioning the tonnage of hay as aforesaid, appellant
by the writing offered in evidence agreed and stipulated to
dismiss and cause the levy of the attachment to be dismissed
as to the 160 tons of hay so attached and claimed by Kemp,
and agreed that he should remove said 160 tons of hay from
the field, and at or about the same time, by a written contract
made with Kemp, purchased said hay from Kemp upon the
basis and agreement that his interest therein consisted of 150
tons, more or less, scale weight, it being understood that it
was all of the hay contained in said field so belonging to Kemp,
less 10 tons thereof, elsewhere sold. The agreement between
Hewitt and Kemp that the latter was entitled to 160 tons of
hay was thus approved and assented to by appellant, who,
with full knowledge of all the facts, succeeded to the interest
of Hewitt by purchase at a sale under execution. The con-
tract made with Kemp for the purchase of his hay contained
a provision to the effect that he would share equally with de-
fendant the expense of loading the 224 tons of hay belonging
to W. K. Fogg on the cars at Buena Park, and defendant in
its answer alleged that it had paid on account of such expense

and pursuant to the terms of the contract, the sum of $157.50, one-half of which sum it was claimed was chargeable to Kemp. The court found this allegation to be untrue. We cannot say that the court erred in so doing, for the reason that, while the evidence shows that the hay was loaded upon the cars, it fails to show the amount paid by defendant for the labor performed in doing the work. There was testimony tending to establish the gross sum paid for handling all of the hay received by defendant from that particular ranch, which included hauling, weighing and the expenses and salary of a solicitor and collector. It cannot be determined from the evidence adduced what portion of the amount so paid should be applied to the cost of loading the hay belonging to W. K. Fogg.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.