## KANSAS CITY SOUTHERN R. CO. v. KEFFER.

No. 14332—Opinion Filed Nov. 6, 1923.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Verdict—Demurrer to Evidence.**

A demurrer to the evidence should be overruled where there is some evidence in the record tending reasonably to support the allegations of plaintiff's petition, and a verdict of the jury rendered on such evidence will not be disturbed.

2. **Evidence—Hearsay—Proof of Oral Contract.**

If the existence of an oral contract between the plaintiff and a third person becomes material during the trial of a case, testimony of witnesses as to the statements made, which constitute the oral contract, are properly admissible and are not hearsay.

3. **Railroads—Damage from Fires — Loss of Hay in Warehouse on Right of Way—Contract Exempting Railroad from Liaility.**

Defendant railway company leased a portion of its right of way to be used in constructing a warehouse and with a stipulation that the defendant would not be liable for damage from fire. Plaintiff stored hay in the warehouse. which was rented for that purpose. Held, that the defendant was liable to plaintiff for the destruction of the hay by fire through the negligence of the defendant.

4. **Same—Instructions.**

Instructions examined, and found to correctly and fairly state the law applicable to the case.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by E. C. Keffer against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Joseph R. Brown and James B. McDonough, for plaintiff in error.

Tom W. Neal, C. C. Williams, and Casell Neal, for defendant in error.

COCHRAN, J. This action was filed by the defendant in error against the plaintiff in error to recover damages for the value of 238 tons of hay which it was alleged was destroyed by fire which originated from sparks thrown from an engine operated by plaintiff in error. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant contends that the trial court erred in refusing to sustain a demurrer to plaintiff's evidence on the ground that there was not sufficient evidence to show that the fire, which consumed the hay and the barn in which the hay was stored, originated from a spark coming from an engine operated by the defendant. An examination of the evidence discloses that there was some evidence in the record tending reasonably to support the allegations of plaintiff's petition, and in these circumstances a demurrer to the evidence was properly overruled.

It is next contended that the plaintiff was not entitled to recover because the barn in which the hay was stored was constructed on the right of way of the defendant company under a contract which provided that the company should not be liable for damages by fire. This building was constructed in 1914 by the Poteau Cotton Warehouse Association, and it was the contention of the defendant that in June, 1920, the warehouse association sold the barn to the plaintiff and that he was the owner of the same at the time of the fire and bound by the terms of the contract protecting the company against liability on account of fire.

The plaintiff contended, and introduced evidence to show, that although he purchased the barn from the Poteau Cotton Warehouse Association, in 1920, the barn was resold by him to the Poteau Cotton Warehouse Association in 1921, and that he was not the owner of the same at the time of the fire, but was renting the barn from the Poteau Cotton Warehouse Association for the purpose of storing the hay. This was a disputed question of fact which was properly submitted to the jury, and, since there is evidence reasonably tending to support the contention of the plaintiff in this regard, the verdict will not be disturbed.

The defendant next contends that the court erred in admitting testimony tending to show the statements made at the time it was contended by the plaintiff the contract and resale of the barn was made by him to the warehouse association and the agreement for the storage of the hay. The defendant contends that this testimony was hearsay and inadmissible. As we view it, this testimony which constituted the contract between the warehouse association and the plaintiff was not hearsay evidence, but was direct evidence of witnesses to the verbal contract made between the parties and was competent for the purpose of establishing the contract.

Defendant complains of the giving of instruction No. 8, in which the court instructed the jury that if at the time of the fire the building was being rented by the plaintiff from the Poteau Cotton Warehouse Association for the purpose of storing his hay and the barn was destroyed by the negligence of the defendant, the verdict should be for the plaintiff; it being the contention of the defendant that a person, storing hay in a building constructed on the premises of the railway company under a contract with the railway company in which it is agreed that the railway company shall be held harmless for damage by fire, is not entitled to recover even though he is not the owner of the building. No authorities are cited by the defendant to support the contention and the contrary has been held in the following cases: King v. So. Pac. Railroad Co. (Cal.) 41 Pac. 786; McAdams v. Missouri, K. & T. Ry. (Tex. Civ. App.) 45 S. W. 936; and we adopt the rule announced by these courts.

The defendant complains of the giving of various other instructions, and also complains of the refusal of the trial court to give certain instructions requested by the defendant. An examination of these instructions shows that the instructions given by the trial court fully and fairly covered the law applicable to the case and fully covered all questions of law in the various requested instructions offered by the defendant where such requested instructions properly stated the law, and we find no error in the matter of the giving of instructions or the refusal of requested instructions.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.