[Civ. No. 6045. Second Appellate District, Division Two.—July 23, 1930.]

SECURITY TRUST & SAVINGS BANK (a Corporation), Appellant, v. GEORGE W. CARRIER et al., Respondents.

Koenig & Brunton, V. H. Koenig and A. W. Brunton for Appellant.

Nimmo, Leighton & Heath and Mark A. Hall for Respondents.

CRAIG, J.—The plaintiff appealed from an adverse judgment in an action for collection of two promissory notes executed by the defendant Carrier and praying that the title to certain real property alleged to have been pledged as security therefor be quieted as against the defendant Lohr.

The notes in controversy were signed by George W. Carrier and B. A. Basque, and it was alleged that to secure the payment thereof Carrier assigned to the payee a certain agreement for the purchase of certain specified real property in Los Angeles County, together with his interest in said property; and that the defendant Lohr claimed an interest therein, subordinate to that of the plaintiff. By an answer and cross-complaint the defendants joined issue, and

affirmatively alleged that the notes were executed by Basque as principal debtor, and that they were signed by Carrier only as an accommodation and without consideration; that the contract in question was merely left with the bank at its request and as a courtesy, and without consideration; that Carrier stated that he had sold the contract and realty to Lohr, and that the latter was entitled to a deed from the original owners upon making a small payment. They further alleged that said contract was left with and received by the bank "with the express understanding and agreement that no right or diminution of same was to be exercised or would be exercised or claimed by the said bank, and with the agreement that same would be returned to the defendant Carrier upon his demand." The trial court found in favor of the defendants in these particulars, and that Lohr's interest in the property was paramount to that of the plaintiff. It further found that prior to the time of trial the defendant Carrier was "duly adjudged a bankrupt under the bankruptcy laws of the United States of America; that the notes and indebtedness herein sued upon by plaintiff were included among the obligations scheduled in said Carrier's bankruptcy proceedings, and that said Carrier has, in said bankruptcy proceedings, been released and discharged from any obligation or liability upon the notes or indebtedness," and is not indebted to the plaintiff.

It is first contended that the findings of fact are not supported by the evidence. The parties stipulated that respondent Carrier had been discharged in bankruptcy, but appellant's ground for reversal is that "the bar of the statute was not pleaded . . . and the discharge of the bankrupt did not cause the debt to become paid." True, a discharge in bankruptcy, like payment, is a plea in bar (*Tuttle* v. *Scott*, 119 Cal. 586 [51 Pac. 849], consisting of new matter which should be affirmatively pleaded. (Code Civ. Proc., sec. 437; *Coles* v. *Soulsby*, 21 Cal. 47; *Landis* v. *Morrissey*, 69 Cal. 83 [10 Pac. 258].) But after trial upon the pleadings as presented, without objection as to the sufficiency to raise a particular issue, parties will not be permitted upon appeal to depart from such theory and then to object that a finding thereon is not within the issues. (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311 [156 Pac. 449]; *Smithson* v. *Atchison, T. & S. F. Ry. Co.*, 174 Cal. 148

[162 Pac. 111]; *Desert Water, Oil & Irr. Co.* v. *State,* 176 Cal. 745 [171 Pac. 287]; *Campbell* v. *Genshlea,* 180 Cal. 215 [180 Pac. 336].) ▮ Appellant's counsel admitted upon the trial the existence of an agreement with respondent Carrier's attorney that no personal judgment would be sought against the latter's client, and upon such understanding Carrier was called only as a witness for the plaintiff; also it was admitted that under the circumstances mentioned defendants' counsel decided "that there was no necessity of his appearing if I would stipulate Mr. Carrier had been adjudged bankrupt; I promised him I would do so and he did not remain." There is no merit in the contention here advanced, since the action as to this defendant was by all parties and by the court deemed dismissed.

It is also admitted that respondent Lohr was not indebted to the appellant, did not sign the notes, and was not a party to the action, but that he was joined merely for the purposes heretofore stated. There is uncontroverted positive testimony, and documentary evidence, tending to show that Carrier had previously sold all of his interest in the contract and in the property, and that prior to the time of trial Lohr had paid him in full; that an indorsement placed upon the contract in behalf of appellant as a purported assignment was made without the knowledge or consent of Carrier, and that it was ineffectual for any purpose. Hence, the evidence was ample in this respect. ▮ It is urged that respondents were estopped to deny an assignment for the reason that it appeared that this document was left at appellant's solicitation for its protection in the event of inspection or criticism of its action in making loans without security, and that Carrier and the payee were in *particeps criminis.* But there is not the slightest intimation, either expressed or warranted by the evidence, that the owner of that instrument was a willing party to any deception, that deception was practiced by either party, or that Carrier could have been benefited personally by entrusting to the bank in confidence a paper no longer of value to himself, and without the knowledge of the ultimate vendee.

▮ It is objected that it was error to receive in evidence Carrier's contract of sale to Lohr, and, inferentially, that without it the evidence failed to support a finding that the latter was the owner of the property. But it was signed by

both parties to the transaction, and bore the consent in writing of the original vendor. It was material evidence upon a direct issue presented by the pleadings, and was therefore admissible as such. The findings and judgment in this respect are not without substantial support in the record.

■ Finally, it is insisted that the trial court erred in denying appellant's motion to eliminate from the memorandum of costs certain small items aggregating $3.75, expended for service of papers required by statute to be served in the case. It appears that the costs were carefully considered by the trial court, and that a portion of the charges was reduced. We think the question is concluded by rules announced and applied by the Supreme Court in *Barnhart* v. *Kron*, 88 Cal. 447 [26 Pac. 210]. The memorandum is supported by an affidavit of counsel that the disbursements were necessary, and being uncontroverted, should control the decision of the court. "The allowance or disallowance of items for the expenses and disbursements incurred upon the trial of an action must be left in nearly every instance to the discretion of the judge before whom the cause was tried." This conclusion is also supported by the decision in *Fay* v. *Fay*, 165 Cal. 469 [132 Pac. 1040.] From what has already been observed, incidental considerations advanced by the appellant do not require discussion.

The judgment is affirmed.

Works, P. J., and Gates, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 11, 1930.