### REPUBLIC CREOSOTING COMPANY v. FOULKES CONTRACTING COMPANY ET AL.

[No. 15,513. Filed May 26, 1937.]

*Austin B. Corbin,* for appellant.

*William E. Cox* and *L. N. Savage,* for appellees.

KIME, J.—The appellant filed a complaint in one paragraph naming the appellees as defendants alleging that the appellee contracting company had entered into a contract with the State of Indiana to build, construct and improve a certain highway in Perry County, known as project No. 258; that at the time the bid was fur-

nished by this appellee they submitted a bond as required by law (Acts 1919, ch. 53 §§17 and 18, pp. 127, 128 and 129) upon which the appellee Fidelity Deposit Company of Maryland was surety, which became effective upon the acceptance of the contract by the highway commission; that the bond was in the form prescribed by the section of the act above referred to; that the appellee contracting company entered into a subcontract with Standard Cedar & Supply Company to furnish and erect guard rail as specified in the original contract and that the Standard Company ordered from the appellant the material therefor; that it was delivered and used in this project; that $1,203.68, the value thereof, was not paid to the appellant; that the project has been fully completed and accepted by the State and that within one year after such acceptance the appellant furnished the appellee surety company a statement of the amount due; that the Standard Company was insolvent and a judgment would be valueless.

The complaint was answered in general denial and a second paragraph of answer alleging payment to which appellant filed a reply in general denial. Later a third paragraph of answer was filed which alleged in substance that the contract relative to the guard rail was sublet to Kremp & Sons; that they completed the contract; that they purchased from the Standard Company the identical material referred to in the complaint and paid the Standard Company therefor in full. There was a demurrer filed to this third paragraph of answer by the appellant for the reason that it failed to allege sufficient facts to constitute cause of defense. This demurrer was overruled, whereupon a reply in general denial was filed to the answer.

On the issues thus formed trial was had and upon request being properly made a special finding of facts

was filed and a conclusion of law rendered thereon, followed by judgment for appellees.

Following a motion for new trial this appeal was perfected assigning as error the ruling of the court on the demurrer above referred to, that the court erred in the conclusion of law, and in overruling the motion for a new trial. The grounds of the motion discussed are that the decision was not sustained by sufficient evidence; that it was contrary to law; that the special findings and each of them are not sustained by sufficient evidence, and alleged error in the admission in evidence of certain exhibits.

By this action the appellant sought to recover from the general contractor and the bondsman for material which it contended it furnished and which was actually used in the construction of a highway improvement. The complaint alleged that the appellee contracting company sublet to the Standard Company a certain portion of the contract; that the Standard Company was furnished material by the appellant which had not been paid for and consequently the appellees were liable to the appellant for such used material. The appellees' third paragraph of answer alleged affirmatively as a cause of defense that the Standard Company was not a subcontractor; that the actual subcontractors purchased the material from the Standard Company; used the material in the construction of the improvement and paid therefor in full. The appellant demurred to this paragraph of answer and the demurrer was overruled. Appellant contends that this was error. This paragraph of answer alleges affirmatively that the appellant did not furnish the material to a contractor or subcontractor; that appellant did not have a lawful claim for material furnished in carrying forward the contract, which allegations, if true, were sufficient to

defeat the action of the appellant and the overruling of the demurrer was not error.

The appellant contends that the error assigned under his second assignment, i. e., that the court erred in its conclusions of law and the first three grounds of the third assigned error, i. e., that the court erred in overruling the motion for a new trial, the three grounds being that the decision is not sustained by sufficient evidence, that it is contrary to law, and that the special finding of facts is not sustained by sufficient evidence, all raise substantially the same question, that is, whether or not, under the facts alleged and proven the appellant was entitled to a recovery from the appellees.

The evidence discloses and the court found, among other facts, that the general contract was entered into and the bond furnished; that the general contractor entered into a subcontract for the furnishing of this particular material (posts, guard rail, etc.) with Kremp & Sons; that Kremps corresponded with the Standard Company in Ohio relative to purchasing the material; that it was purchased; that the Standard Company ordered the appellant to ship it to a certain destination; that appellant charged it to the Standard Company; that the Standard Company billed the Kremps for it; that the Kremps paid the Standard Company in full therefor; that Standard Company was not the agent of the appellant and that the material was used in making the contracted improvements.

The appellant contends that it furnished, supplied, or provided the material which was used in and became a part of the improvement and that it should be entitled to recover under the bond.

The bond is required by the statute so that those furnishing material to a contractor or subcontractor may receive payment for such material. It can not be inferred from anything in the statute that when material

used in such an improvement is paid for in full by the subcontractor that one who has sold the material to the one from whom the subcontractor purchased it, that the bond was ever intended to cover such a situation.

It is the bondsman's duty to see that material furnished for the improvement is paid for. Here this material was paid for in full and hence there is no liability.

There was no error in the conclusion of law or in overruling the motion for a new trial and the special finding of facts was sustained by sufficient evidence.

The admission in evidence of exhibits relative to the contract between the Kremp Company and the Standard Company consisted of communications between them together with cancelled checks. This evidence was competent to show that the appellant did not furnish the material and that it had in reality been furnished and payment made in full to another, and its admission was not erroneous.

No reversible error having been shown, the judgment is affirmed.