Filed 2/28/17

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| VERONICA GONZALEZ, | H041997 |
| | (Santa Clara County |
| Plaintiff and Appellant, | Super. Ct. No. 1-11-CV204141) |
| v. | |
| SANTA CLARA COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Defendant and Respondent. | |


Plaintiff Victoria Gonzalez challenged an administrative order declaring that she should be reported to the statewide child abuse index for what was deemed excessive discipline of her 12-year old daughter. After she successfully appealed to this court from the trial court's denial of relief, she sought an award of approximately $60,000 in attorney fees incurred to four separate law practices. The trial court found her eligible for fees but awarded only $7,500, denying her claim in its entirety as to all but her current counsel. It found the evidence in support of two other claims technically deficient, although no evidentiary objection had ever been asserted against them. It denied the third claim on the basis of objections that were only raised when the court permitted the opposing party to file a third opposition memorandum on the ground—which is not borne out by the record—that plaintiff had violated a previous order for supplemental briefing. These rulings may have grown out of an understandable frustration with counsel for plaintiff, whose several failings included the belated assertion of arguments and the devotion of considerably more attention to unsound technicalities than to making a

bulletproof showing on the merits. Nonetheless we conclude that under the peculiar circumstances of this case, the court's complete denial of relief as to three of plaintiff's four attorneys exceeded the bounds of sound discretion. We will therefore remand for reconsideration of the fee request with respect to the other three attorneys.

**BACKGROUND**

As we detailed in the underlying appeal (*Gonzalez v. Santa Clara County Department of Social Services* (2014) 223 Cal.App.4th 72 (*Gonzalez I*)), plaintiff was reported for child abuse based upon having spanked her daughter with a wooden spoon. Defendant Santa Clara County Department of Social Services (Department) concluded that the report was "substantiated," and submitted it to the state Department of Justice for inclusion in the child abuse index (see Pen. Code, §§ 11164-11174.3). Plaintiff brought an administrative appeal, which was unsuccessful. She then filed a petition for administrative mandamus, which the superior court denied. She appealed to this court, contending that neither the Department nor the trial court had given sufficient weight to the legislatively declared right of a parent to impose reasonable discipline on his or her child. We sustained this contention, further holding that the hearing officer had abused his discretion by refusing to permit the daughter to testify in support of her mother, even though the daughter was reportedly eager to do so and had submitted a written declaration contradicting the Department's witnesses on key points. (*Gonzalez I*, *supra*, 223 Cal.App.4th at pp. 95, 99.) We reversed the judgment of the superior court with directions to order the Department to either conduct a new hearing or set aside its finding that the report was "substantiated" and to inform the Department of Justice that the report was "unfounded." (*Id.* at p. 102.) Our remittitur directed that plaintiff recover her costs.

On May 27, 2014, plaintiff moved in the superior court for an award of attorney fees as well as costs. She invoked three separate statutory grounds for such an award (see pt. I, *post*). The motion asserted that she had incurred fees to four law practices: $16,000

2

to the Chastain Law Group (Chastain) for administrative proceedings; $15,000 to Jeremy Brehmer to challenge the administrative order in the superior court; $25,262.40 to Seth Gorman, to prosecute the prior appeal in this court; and $7,500 to Diane Weissburg for services following the remand from this court. The motion was supported by Weissburg's declaration with certain attachments (see pt. IV, *post*).

The Department filed written opposition, contending that plaintiff was not entitled to attorney fees on any of the grounds asserted by her and that she had failed to adequately substantiate some of the fees claimed. Plaintiff objected to the opposition and moved to strike it on the ground that it had not been served in compliance with a stipulated order setting a briefing schedule. (See pt. II, *post*.)

For reasons not clearly reflected in the record, but which plaintiff ascribes to two successive recusals by assigned judges, the matter was not heard until October 7, 2014. On that date Weissburg filed an amended memorandum of costs seeking a total of $64,199.40, the increase apparently consisting of an additional six hours of her own time, plus "travel costs of $1080.00," "hearing by phone of $85.00," and correction of a clerical error in the original memorandum. In a supporting declaration she stated that two-thirds of the travel costs represented expenditures on trips to San Jose from Los Angeles, where she lived, to attend hearings which did not take place because of "multiple judicial officers waiting until the day before each prior hearing to recuse themselves, and the court continuing to reassign the case and postpone the hearing at the last minute."

At the hearing, the court acknowledged counsel's objection to the Department's opposition (see pt. II, *post*), but stated that it had "decided to consider the papers." The court also rejected plaintiff's contention that some of the Department's assertions were barred by res judicata or collateral estoppel. Weissburg then argued the merits of her client's entitlement to fees. Counsel for the Department asserted that Weissburg was

3

citing several cases for the first time. Noting an "apparent[] . . . disagreement as to whether some" of plaintiff's citations were "new to this record," the court suggested "that the respondent have an opportunity to address those, and the petitioner have a final briefing, and then the matter would be submitted on those papers."

The Department submitted a supplemental brief on October 21, 2014. It began by stating that the court had limited briefing to "the applicability of th[e] additional cases" cited by Weissburg at the hearing. It argued that those cases were inapposite and did not affect the outcome. Then, in seeming violation of the limitation it had just noted, it went on to challenge some of the cost items newly claimed in plaintiff's amended cost bill. Among other points, it objected to plaintiff's attempt to recover for travel to appear at hearings that had been continued. The Department contended that counsel could have avoided those trips by taking advantage of the court's tentative ruling system.

Attorney Weissburg filed a responsive supplemental brief. Addressing the Department's objection to the claim for travel expenses, Weissburg asserted that the first judge to whom the fee motion was assigned had recused herself "[l]ate in the afternoon the day before the hearing," and the judge to whom it was next assigned had done the same thing. On both occasions, she asserted, she had flown into Oakland on the day before the hearing "to ensure arrival, and morning fog concerns, resulting in flight delays."

The trial court, possibly acting on an ex parte application,[1] issued an order stating that Weissburg had "violat[ed]" the order for supplemental briefing by addressing issues beyond those mentioned in the Department's supplemental brief. As a result, the order stated, the Department would be permitted to file yet another supplemental brief on or before December 12, 2014. On December 19, the Department filed its third

---

[1] Plaintiff's counsel asserts that the order was made on the Department's ex parte motion, but we see no record evidence of this.

4

memorandum in opposition to the fee motion. About half of this memorandum addressed arguments raised in plaintiff's supplemental memorandum. The other half was devoted to supposed deficiencies in plaintiff's original showing in support of a fee award. Most notably, the Department now contended—apparently for the first time—that the fees claimed for Seth Gorman's successful prosecution of the original appeal were inadequately documented in that "[t]here is no description of the services rendered or contemporaneous time records for these services." It also reiterated its original objection to the showings concerning attorneys Chastain and Brehmer, as well as its previous objection to the claimed travel expenses.

On December 29, 2014, the court issued an order granting the fee motion, but only as to the fees incurred for Weissburg's services. The court concluded that plaintiff was entitled to fees under Code of Civil Procedure section 1021.5, but not under two other statutes invoked by her. (See pt. I, *post*.) Respecting the amount of fees, the court identified certain evidentiary deficiencies in plaintiff's showing, most notably the failure to authenticate the billing statements from previous counsel and the absence of any "information to support the stated billing rate(s)." The court concluded that 30 hours was a reasonable time for Weissburg to have spent on the motion for fees and allowed $7,500 in fees, at Weissburg's stated $250-per-hour rate, plus $1,504.50 in trial and appellate costs.

Plaintiff, through Weissburg, filed this timely appeal.

## DISCUSSION

### I. Eligibility for Fees

The only real issue presented by this appeal is whether the trial court properly refused to award any fees for the services of the three attorneys preceding Ms. Weissburg. However plaintiff raises several other issues, which we will briefly address.

5

Plaintiff originally sought a fee award under three statutes: Code of Civil Procedure section 1021.5, which allows attorney fees to the successful party in an action that "has resulted in the enforcement of an important right affecting the public interest"; Welfare and Institutions Code section 10962, which allows fees to a recipient or applicant for public services who successfully seeks judicial review of a decision by the state Director of Social Services affecting entitlement to such services; and Government Code section 800, which allows fees to a litigant who secures a reversal of an administrative ruling by establishing that the ruling was the result of arbitrary or capricious action. The trial court found plaintiff eligible for an award under Code of Civil Procedure section 1021.5, but not under the other two statutes. Plaintiff continues to insist that she was entitled to fees under all three statutes. The point is academic. Defendant does not challenge the court's finding of eligibility under Code of Civil Procedure section 1021.5. To do so effectively, it would at least arguably have had to take a cross-appeal from the award granting fees as to attorney Weissburg. This it has not done. Nor has plaintiff attempted to show that eligibility under the other statutes would improve the result for her. We therefore decline to render what would be a purely advisory opinion concerning her eligibility on other grounds.

## II. "Late" Opposition

Weissburg objected to the Department's original opposition, and asked the court to strike it, on the ground that it was untimely. The trial court in effect overruled the objection, stating that it would consider the opposition. On appeal plaintiff insists that this was error. The point has no merit. The key premise of plaintiff's argument is that under a briefing schedule adopted by stipulated order, the Department should have served its opposition, before a specified time and date, *by e-mail*. But the order did not, by its terms, require service by that method. It sated only that "[s]ervice *may* occur by email[.]" (Italics added.) If counsel wished to ensure that service *was* made by that method, she

6

should have insisted upon mandatory wording. If she contends that both counsel *intended* the clause in question to be mandatory—notwithstanding the permissive language—she should have presented evidence to that effect. On its face, the order meant only that the Department was allowed, but not required, to use that method of service.

Further, even if the service had been untimely, the trial court was vested with discretion to overlook the defect. (See Cal. Rules of Court, rule 3.1300(d); *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) It clearly exercised that discretion in favor of resolving the matter on the merits, stating, "I decided to consider the papers." Plaintiff makes no attempt to show that this was an abuse of discretion. She simply recapitulates the showing she made in the trial court and offers it as a ground of reversal on appeal. No error appears in the trial court's treatment of this issue.

Finally, we note that no cognizable prejudice was shown to arise from the Department's failure to serve the opposition by e-mail and that any arguable prejudice was cured when the court permitted plaintiff to file a supplemental brief. This provided an ample opportunity—which plaintiff took—to address any issues raised by the Department to which she might otherwise feel she had received inadequate opportunity to reply. Regrettably, the court then penalized her doing so in the belief, which is not borne out by the record, that it had limited the scope of her supplemental brief to the cases she cited at the hearing. The fact remains that the court's consideration of the Department's original opposition papers has not been shown to constitute prejudicial error.

### III. *Transfer to Another County*

Plaintiff asserts that the trial court "should have transferred the case to another county due to multiple last minute recusals." We see no indication that she ever sought such an order. Nor does she offer authority or argument for the implicit proposition that a trial court may be obligated to grant a change of venue on its own motion when more

7

than one of its members recuse themselves with respect to a particular case.  It may be that the mode of proceeding here, as described by counsel, produced some arguably unseemly delays and may have placed some unfortunate burdens on her.  However, plaintiff offered no competent evidence of any of these matters.  In any event, we are not prepared to adopt plaintiff's argument that the court should have done something it was never asked to do.  (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 400, pp. 458-459.)

## IV.  *Amount of Fees*

### A.  *Introduction*

The trial court found that none of plaintiff's claimed fees were adequately substantiated except for those incurred for the services of her current attorney, Ms. Weissburg.  There is no doubt that plaintiff's claims for the services of two previous attorneys rested on objectionable evidence, and that the showing as to the third was less than ideal.  It does not follow, however, that the court properly refused to grant *any* relief on account of the earlier services.

"The 'burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable.  [Citation.]  It is also [the appellant's] burden on appeal to prove that the court abused its discretion in awarding fees.'  [Citation.]  ' "Under the abuse of discretion standard, 'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'  [Citation.]" '[2] [Citation.]  ' "The abuse of discretion standard is 'deferential,' but it 'is not empty.'  [Citation.]  '[I]t asks in substance whether the ruling in question "falls outside the bounds

---

[2] The last-quoted statement, as suggested by the tension between it and the statements immediately following, arguably exaggerates the degree of deference actually reflected in decisions where an abuse of discretion has been found.

of reason" under the applicable law and the relevant facts [citations].' [Citation.]' "
[Citation.]  When we are reviewing an award of attorney fees for appellate work, we need
not accord the same degree of deference we would give to rulings that involve the trial
court's first-hand knowledge.  [Citation.]  Further, when, as here, the fee order under
review was rendered by a judge other than the trial judge, we may exercise 'somewhat
more latitude in determining whether there has been an abuse of discretion than would be
true in the usual case.'  [Citation.]" (*Center For Biological Diversity v. County of San
Bernardino* (2010) 188 Cal.App.4th 603, 615-616, fn. omitted.)

Here we are reviewing an award for services some of which were rendered in this
court and none of which were rendered before the judge who made the fee order.  This
gives us " 'somewhat more latitude' " (*Center For Biological Diversity v. County of San
Bernardino, supra*, 188 Cal.App.4th at p. 616) than we would otherwise be entitled to
exercise in reviewing the fee award.

### B.  Gorman

We find the complete denial of relief most troubling with respect to the services
rendered by Attorney Gorman, who successfully prosecuted the prior appeal.  In support
of an award Weissburg declared, "Attorney Seth Gorman represented Plaintiff in the
Appellate Court, and Respondents' Petition for Review, which was denied.  He billed
$25,262.40 for these services as costs and fees.  Exhibit 5 attached hereto and
incorporated herein by reference."  The attached exhibit consisted of a "memorandum of
costs on appeal" signed by Gorman under penalty of perjury and claiming $23,980 in fees
and $1,282.40 in other costs on appeal.  (Capitalization omitted.)  Attached to it was a
declaration by Gorman, also under penalty of perjury, itemizing costs and fees "incurred
in connection with [these] proceedings."  Gorman declared, "To the best of my
knowledge, the items of cost are correct and were necessarily incurred in this case on
appeal."  Under a paragraph entitled "Attorneys' fees," Gorman asserted that he had

9

billed 101.4 hours in connection with the appeal, plus 16 hours in the Supreme Court proceedings and 5.5 hours in connection with the remittitur and costs award, for a total of 122.9 hours, of which three hours were "not claimed on fees motion."

In its original opposition to the fee motion, the Department aimed no specific objection at the Gorman claim. So far as the record shows, the Department voiced no separate objection to the Gorman fees until it filed its third memorandum in opposition to fees—a memorandum to which plaintiff had no opportunity to respond. There it provided a table summarizing the various elements of plaintiff's fee claim, the "proof" offered in support of each, and the Department's "objection" to that element. With respect to the Gorman fees, the Department asserted for the first time that there was an insufficient evidentiary basis for an award: "Mr. Gorman's 'billing' is an attachment to Petitioner's Memorandum of Costs on Appeal. There is no description of the services rendered or contemporaneous time records for those services. This was part of the rationale adopted by the court in denying Gorman's fees in their entirety: "Mr. Gorman has provided only the total number of hours worked but no information at all about the services provided; he provides his billing rate but no information about his qualifications or experience to support this rate. Petitioner has failed to establish the reasonableness of the fees requested for services performed by Mr. Gorman."

It is true that, as with the two earlier attorneys (discussed below), Weissburg's showing in support of the Gorman claim was far from compelling. While the deficiencies with the earlier representations might conceivably be attributable to some difficulty in securing their cooperation, we seriously doubt that Weissburg faced any such difficulty with respect to Mr. Gorman. The record suggests no impediment to securing a declaration from him justifying his fees. Customarily this is done by presenting time records and a showing of the attorney's qualifications as well as an explanation for any time expenditures that on their face appear excessive.

10

Despite the absence of these details, however, we do not believe the court exercised sound discretion in denying the Gorman claim in its entirety. This court was the forum in which Gorman performed the lion's share of his services and we are at least as well situated as the trial court to determine their reasonable value. (See *Center For Biological Diversity v. County of San Bernardino*, *supra*, 188 Cal.App.4th at p. 616; cf. *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 579, italics added [" 'The " 'experienced trial judge is the best judge of the value of professional services *rendered in his court*' " ' "].) As the trial court recognized, Gorman's representation produced a published decision that clarified the law concerning the scope of parental disciplinary prerogatives under California law. His briefs—totaling over 110 pages—ably argued points which this court ultimately sustained. The failure to explicitly justify his hourly rate might permit a reduction in the recovery, but could not on this record sustain a complete denial of fees. Certainly the stated fee is not out of proportion to those we would expect to see for comparable work of similar caliber. Accordingly, we will direct the trial court to reconsider the Gorman claim along with the Chastain and Brehmer claims.

### C. Chastain

The fee requests for the two attorneys preceding Gorman are somewhat more problematical. This is particularly true of the claim concerning Chastain, plaintiff's first attorney. Weissburg declared that the Chastain firm "billed $16,000.00 for costs and fees." She then referred the reader to attached exhibits entitled "Invoice #1" and "Invoice #2." These contain itemized billing entries with time worked, but they reflect the expenditure of only 21.9 hours in the matter, plus $750 in costs described only as "Geffner additional invoice." They also reflect a billing rate of $250 per hour, and two payments by plaintiff of $2,500 each. The total fees and costs thus reflected in the exhibit were $6,225—$5,475 in billed time and $750 in vaguely described costs. This

11

fell well short of substantiating the $16,000 asserted by Weissburg. In its original opposition, the Department challenged the Chastain claim on this ground and on the further ground that plaintiff had criticized Chastain's work in her writ petition.[3] Accordingly, the Department concluded, "*fees for the work of the Chastain Law Group are appropriately limited to $5,475*." (Italics added.)

In its supplemental memorandum of October 21, 2014, the Department offered no additional challenge to any of the items initially claimed in plaintiff's original motion. However, in the Department's second supplemental memorandum—filed at the court's invitation based upon plaintiff's supposedly "noncompliant" supplemental memorandum—the Department included a table summarizing all of plaintiffs claims "[i]n an effort to clarify the fees and costs sought, and those that may be recoverable under the law, should the Court grant attorneys' fees." With respect to Chastain, the Department again noted that while plaintiff claimed $16,000, her documentation contained only "two billing statements with accrued fees totaling only $5,475." The Department lodged no evidentiary objection to the billing statements.

Although the Department had all but conceded the Chastain claim to the extent of $5,475, the trial court rejected the claim in its entirety. The court wrote, "[T]he

---

[3] Respondent requested, and the trial court granted, judicial notice of the clerk's transcript in *Gonzalez I*, which includes plaintiff's petition. The cited portion of the petition states, "A few days before the hearing, Petitioner's counsel[,] [i.e., Chastain] informed her that he would not represent her at the hearing, despite the fact that she had paid him $7,000. Up to that point, Petitioner's counsel had half-heartedly assisted in writing only one declaration and hired a third party expert to review the social worker's decision to deem the report substantiated, but nothing more to prepare or even aid in Petitioner's own preparation of the case."

More troubling to us than successor counsel's characterization of his predecessor's work as "half-hearted" is the allegation that plaintiff had "paid" the latter "$7,000." Even assuming one or more lost invoices, this sum is still less than half of what Weissburg asserted plaintiff had been billed by Chastain.

Weissburg Declaration attaches as Exhibit 3, *but does not authenticate*, documents *purporting* to be two invoices from the [Chastain] law group. The person providing services is identified only as 'RLC' and no information is provided to support the stated billing rate. The amounts shown on the invoices for fees total $5,475, although Ms. Weissburg asserts without foundation that 'they [the Chastain Law Group] billed $16,000 for costs and fees.' [Citation.] The discrepancy is not explained. The costs of $750 are identified only as 'Geffner additional invoice', with no explanation of who or what Geffner is or what was provided that cost $750. Petitioner has not provided sufficient information for the court to make a determination of whether the services provided were reasonable. (*Ajaxo, Inc. v. E\*Trade Group* (2005) 135 [Cal.App.]4th 21, 65 [(*Ajaxo*)].)"

Insofar as the court relied on plaintiff's failure to authenticate the Chastain billing statements, the Department had forfeited any such objection by failing to raise it at an appropriate time—or any time. It is a basic requirement of our adversary system that objections to evidence be voiced in a timely fashion or they are lost. (See Evid. Code, § 353, subd. (a).) "[M]atter which is technically inadmissible under an exclusionary rule is nonetheless evidence and may be considered in support of a judgment if it is offered and received in evidence without proper objection or motion to strike." (Cal. L. Rev. Com. com., 29B Pt. 1A West's Ann. Evid. Code (2011 ed.) foll. § 140, p. 27; see *People ex rel. Dept. of Public Works v. Alexander* (1963) 212 Cal.App.2d 84, 98 [same]; *Bank of America v. Taliaferro* (1956) 144 Cal.App.2d 578, 582 [objection to contract for lack of foundation "would have been good" if made at trial, but failure to raise it when contract was offered effected "a waiver of the objection and an admission of genuineness, equivalent to proof thereof"]; Wegner et al., Cal. Prac. Guide: Civil Trials & Evidence (The Rutter Group 2016) ¶ 8:3282, p. 8G-2 ["Evidence admitted without objection may be considered *for any* purpose by the trier of fact and in support of the judgment."].)

13

Trial courts possess some inherent power to exclude objectionable evidence on their own motion, but "[i]t has been suggested that this power should be exercised *only where the evidence is irrelevant, unreliable, misleading, or prejudicial*, and that relevant and useful evidence that is *merely incompetent* under technical exclusionary rules *ought to be received* in the absence of objection by counsel." (3 Witkin, Cal. Evid. (5th ed. 2012) Presentation of Evidence at Trial, § 404, p. 560, italics added; cf. *Fortner v. Bruhn* (1963) 217 Cal.App.2d 184, 190, italics added [trial judge "is under a duty to see that a fair trial is accorded the parties on the merits which means excluding on his own motion *matters that tend only to prejudice the jurors* and take them away from a consideration of the case upon its merits"]; *id.* at p. 191, italics added ["It is the function of the court to see that *errors or extraneous matters* are not brought into the case, which might have the effect of clouding the issue or confusing the jury."].)[4] This is particularly true where the court raises the objection (lack of authentication) after the hearing, thereby depriving the proponent of any opportunity to contest or cure the objection. (See *Bank of America v. Taliaferro*, *supra*, 144 Cal.App.2d at p. 582 [rationale for forfeiture of objections not made "is that the proponent would have had opportunity to obviate the objection if it had been made at the trial"].)

This is particularly true where, as here, the opponent treated the evidence as entirely authentic and reliable. The Department voiced no reservations about the Chastain invoices, but treated them as sufficient to establish fees incurred to the Chastain

---

[4] One of the foremost authorities on the law of evidence reinforces this point specifically in the context of writings for which an insufficient foundation has been laid: "[M]any types of evidence such as reliable affidavits or *copies of writings*, albeit technically inadmissible, are probative and trustworthy. *In that case, absent an objection, the trial judge would be unjustified in excluding the evidence.* The judge should exercise her discretionary power to intervene only when the evidence is irrelevant, unreliable, misleading, or prejudicial as well as technically inadmissible." (1 McCormick, Evidence (7th ed. 2013) § 55, pp. 390-391.)

14

firm in the amount stated, i.e., $5,475. The court could not fairly disregard them on technical grounds without at least notifying plaintiff of its intention to do so.

The court next noted that the documents offered by plaintiff failed to substantiate the assertion that she had paid $16,000 to Chastain. This is true, and no attempt was made to cure the defect even after the point was raised in the Department's original opposition memorandum. But it does not follow that the Chastain claim could be denied altogether. Indeed, the Department contested the contents of the actual invoices only with respect to the $750 charge for the otherwise unexplained "Geffner invoice." The record supports a reasoned surmise that Geffner was an expert witness engaged by Chastain to render some sort of opinion concerning the early administrative proceedings in this case. But it is only a surmise, and in any event it would not establish that this expense was reasonably and necessarily incurred. The court therefore acted well within its discretion in disallowing the Chastain claim to this extent.

With respect to the remaining $5,475 on the Chastain invoices, however, the Department all but conceded the reasonableness of the claim, stating, "fees for the work of the Chastain Law Group are appropriately limited to $5,475." The invoices indicate that the firm spent 21.9 hours including the drafting of declarations and memoranda, meetings and exchanges of correspondence with Department representatives, and dealings with the expert witness. The statements specifically refer to drafting a declaration for plaintiff's daughter—presumably the same declaration we found highly probative in establishing both that the evidence relied upon by the hearing officer was controverted and that it was an abuse of discretion not to permit the daughter to testify, as she was reportedly "very eager" to do. (See *Gonzalez I*, *supra*, 223 Cal.App.4th at p. 95.) It is true that plaintiff faulted the firm for not representing her at the hearing on the administrative appeal, but that does not mean that the fees for services rendered up to that point were not reasonably and necessarily incurred. On remand the court should treat the

15

Chastain invoice as genuine and should reassess the reasonableness of the charges represented therein in light of the description of services performed and such other evidence as may be submitted.

The court also faulted the Chastain showing—and the showings as to the other two predecessor firms—for failing to include any evidence of the attorneys' qualifications or the reasonableness of their hourly rates. Again, this failing did not justify a complete denial of fees once the activities performed were adequately established, as we hold they were at least to the extent of the $5,475 reflected in the invoices. The court is undoubtedly familiar with the range of rates charged by local counsel, and in the absence of further evidence on the point is more than empowered to determine a fee based upon what it concludes counsel's services were worth.

It must be borne in mind that the underlying purpose of a fee award under section 1021.5 is to encourage the enforcement of legal rights and duties imbued with a public interest. (*Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 736, quoting *Children & Families Com. of Fresno County v. Brown* (2014) 228 Cal.App.4th 45, 55 [" 'The doctrine's purpose "is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." ' "]; *Bui v. Nguyen* (2014) 230 Cal.App.4th 1357, 1365, quoting *Woodland Hills Residents Assn., Inc. v. City Council of Los Angeles* (1979) 23 Cal.3d 917, 933 [" '[T]he fundamental objective of the private attorney general doctrine of attorney fees is " 'to encourage suits effectuating a strong [public] policy by awarding substantial attorney's fees . . . to those who successfully bring such suits and thereby bring about benefits to a broad class of citizens.' " ' "].) Here, as the court recognized, plaintiff succeeded in enforcing an important right vested in California parents by statute, and securing a published opinion recognizing and emphasizing the importance of that right, as judged by the Legislature, in connection with charges of the type leveled against plaintiff. The

16

court's order awarded plaintiff slightly over one-tenth of the documented fees incurred in securing the enforcement of that right. Such a result is not consistent with the statutory purpose, and cannot be countenanced so long as the showing made in support of the motion was sufficient to permit a fair determination of a reasonable fee. Indeed, in keeping with the statutory purpose, it is within a court's power to add weight to the incentive by awarding a *multiple* of the fees reasonably incurred. (E.g., *Edgerton v. State Personnel Bd.* (2000) 83 Cal.App.4th 1350, 1362-1363; *Krumme v. Mercury Ins. Co.* (2004) 123 Cal.App.4th 924, 946-948.) Here, relying on technical evidentiary deficiencies no party had raised, the court severely reduced the award. We cannot conclude that this represented the exercise of sound discretion.

### D. Brehmer

With respect to plaintiff's second attorney, Brehmer of the Middlebrook firm, plaintiff's showing consisted of (1) an averment by Attorney Weissburg that Brehmer "represented Plaintiff in the Superior Court for the Writ of Mandate Proceedings and billed $15,000.00 for costs and fees," and (2) an exhibit, attached to Weissburg's declaration, entitled "Civil Attorney – Client Fee Contract (Fixed Fee Without Refund)," in which Brehmer agreed to prepare and present a writ petition and plaintiff agreed to pay a fixed fee of $15,000.

In its original opposition to the fee motion, the Department's entire challenge to the Brehmer claim consisted of the following: "There is no declaration from attorney Brehmer from which the Court can assess the reasonableness of his $15,000 'fixed fee without refund.' [Citation.] Importantly, there is no evidence of Mr. Brehmer's background or training, a description of the services rendered, or explanation of why the fees in relation to the undescribed services are reasonable or necessary."

In its order denying any recovery on account of the Brehmer representation, the trial court again faulted the supporting evidence for lack of authentication, although once

17

again the Department had failed to lodge any such objection, instead tacitly accepting the legal services contract as genuine. Further, the court wrote, "Petitioner has filed even less information about services provided by Mr. Brehmer than the unsuccessful applicant in *Ajaxo*." This is a reference to *Ajaxo, supra,* 135 Cal.App.4th 21, 65, where this court upheld a trial court's denial of a request for $177,000 in fees incurred for services by predecessor counsel. The trial court found that the attorneys had "not do[ne] a very good job of preparing this case for trial," and that one of them was apparently being sued for malpractice over it. (*Ibid*.) The only evidence offered in support of the claim was the declaration of the client stating "how many hours each attorney allegedly worked, each attorney's billing rate and the resulting fees." (*Ibid*.) Here, there is no suggestion that Brehmer's services were not competently performed. Our impression, based upon the record in *Gonzalez I*, is to the contrary. Moreover, the contract itself spelled out the activities Brehmer would undertake: "a.) Research and prepar[e] . . . the Petition for Writ of Mandate directing County of Santa Clara to set aside the Hearing Officer's recommendation to deny the grievance in support of social worker's findings of 'substantiated.' [¶] b.) Prepar[e] . . . the Notice of Hearing; Memorandum of Points and Authorities; Supporting Declarations; Demand for Production of Administrative Record; Order Setting Hearing on Petition and Briefing Schedule; and Reply Brief in support of the Petition. [¶] c.) Attend hearing(s) on Petition and argue in support of set aside. . . ." The record in the prior appeal shows that these duties and at least one other—an application for stay—were indeed performed by Brehmer or his firm. Given this fact, the only question before the trial court was whether a $15,000 flat fee for those services was reasonable. We have no doubt that it *could* be found reasonable, and in any event that a lesser fee could be allowed if it were found to be excessive. On remand the trial court will consider that question in light of the fee contract and such additional evidence as the parties may introduce.

18

## DISPOSITION

The order is affirmed insofar as it found plaintiff eligible for fees and awarded fees with respect to services rendered by Attorney Weissburg up to the making of the order. The order is reversed with respect to the denial of fees as to Attorneys Chastain, Brehmer, and Gorman. The court should reconsider those claims in accordance with the views expressed in this opinion. Appellant will recover costs, including reasonable attorney fees, incurred on this appeal. (See *Serrano v. Unruh* (1982) 32 Cal.3d 621, 644; *EWAP, Inc v. City of Ontario* (1986) 177 Cal.App.3d 1108, 1118.)

_____

                                                          RUSHING, P.J.

WE CONCUR:

_____
                      PREMO, J.

_____
                      GROVER, J.

*Gonzalez v. Santa Clara County Department of Social Services*
**H041997**

Trial Court:                                    Santa Clara County Superior Court
                                                 Superior Court No.:  1-11CV204141


Trial Judge:                                    The Honorable Patricia M. Lucas




Attorneys for Plaintiff and Appellant           Weissburg Law Firm
Veronica Gonzalez:
                                                 Diane B. Weissburg




Attorneys for Defendant and Respondent          Office of the County Counsel
Santa Clara County Department of
Social Services:                                 Orry P. Korb,
                                                 County Counsel

                                                 Marcy L. Berkman,
                                                 Deputy County Counsel


*Gonzalez v. Santa Clara County Department of Social Services*
**H041997**